The appellant, Johnnie Acoff, was indicted by the Dallas County Grand Jury for the offense of third degree burglary, in violation of § 13A-7-7 Code of Alabama 1975. On December 10, 1982, appellant's counsel, Robert Blair, appeared before the court and asked that he be allowed to withdraw from the case. An in-chambers hearing was held on December 13, 1982, before the Honorable Edgar P. Russell, Jr., trial judge, with Mr. Blair, Mr. Bruce Boynton (appellant's newly court-appointed counsel) and appellant's mother present. The case was continued until January 10, 1983, when appellant was brought to trial and found guilty as charged. Pursuant to said jury verdict, appellant *Page 225 
was sentenced to ten years in the state penitentiary.
The evidence adduced at trial showed that, on the night of July 10, 1982, the silent alarm of Tissier Hardward was activated which notified the Selma Police Department. After receiving the alarm signal, the Selma Police Department notified the owner of the store, Mr. Tripp, who went to his store and gained entry for the police. Appellant and two others were found hiding inside. Mr. Tripp testified that entry had been gained without his permission by the breaking of a window in the rear of his store.
Appellant testified in his own behalf and stated that he had gone into the building to warn his friends that the police were in the area. He denied that he had gone into the building to commit any crime.
Appellant contends that the trial judge should have recused himself from trying this cause due to his personal bias against the appellant and his personal knowledge of disputed evidentiary facts concerning his trial. However, after careful review of the record, we find that no objection was raised as to the trial judge trying the case, nor was a motion for recusal ever made. In order to preserve an issue for appellate review, a timely objection at trial must be made. Snider v.State, 406 So.2d 1008 (Ala.Cr.App. 1981).
Appellant further contends that reversible error was committed when the trial court questioned the jury venire about an alleged prisoner escape attempt on the day of and prior to appellant's trial. The record indicates that there was some confusion in the courthouse prior to appellant's trial as to whether an inmate had escaped from custody. From this confusion, there were allegations that appellant's name was mentioned in the presence of the jury. Thereupon, in a hearing outside the presence of the jury, defense counsel made a motion for continuance due to the fact that the jury venire had possibly overheard appellant's name as being the one who allegedly escaped. In answer to defense counsel's request, the trial court stated:
 "I'll say this, that in qualifying the jury, I'll ask them how many of them were aware of the excitement that we had up here this morning and if they heard any names mentioned other than Shaw. If they did, and they say they heard the name Acoff mentioned, I'll grant your motion, or rather I'll overrule what I'm about to do now, which is to deny the motion. I'll certainly reconsider it and grant it if that be the case when I get in there on the qualifications on the jury panel.
"MR. BOYNTON: That's fine, Your Honor."
Subsequently in the presence of the jury, the trial court stated:
 "THE COURT: Now one other thing I have been reminded of by Mr. McLeod is that most of you were not here when we had our little excitement this morning. Eleven of you were. One lady had car trouble and was late getting in and she missed all the excitement, but we had a little excitement this morning when there was a rumor that got out that a prisoner had escaped. It caused quite a little stir and commotion back here in the hall and one or two names were mentioned back there. What I want to know is, any of the eleven jurors who were here in this courtroom this morning, did they hear any name mentioned other than that of Mr. Shaw, who was the Defendant in this case that was being tried this morning?
(No response)
"THE COURT: Mrs. Hughey, did you hear any other name?
"MR. HUGHEY: No.
 "THE COURT: Any of the rest of you? If you did, raise your hands.
(No response)
 "THE COURT: No other name was mentioned other than that one and, of course, we declared a mistrial in that case. All right."
It is the defense counsel's contention that by asking the jury whether they heard any name other than Mr. Shaw implies that the *Page 226 
appellant was incarcerated and hence guilty. We note that at no time during said questioning of the jury were any objections raised as to the form of the trial court's questions. Furthermore, defense counsel had previously agreed to this line of questioning at the hearing held prior to appellant's trial. As stated in Moore v. State, 415 So.2d 1210 (Ala.Cr.App. 1982), matters not objected to at the trial level cannot be considered for the first time on appeal.
Appellant's final contention that the trial court erred by its misstatement of the law during the qualification of the jury is not preserved for review since no objection was made.Moore v. State, supra.
The sufficiency of the evidence is not before us. There was no motion to exclude the state's evidence; there was no request for the affirmative charge; there was no motion for a new trial, and there were no adverse rulings during the trial that adversely affected appellant.
It took the jury only 14 minutes to return a verdict finding the defendant guilty as charged in the indictment.
We have carefully searched the record for errors injuriously affecting the substantial rights of the appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.