The Houston County Grand Jury, in its February, 1982 term, indicted appellant, David Blackmon, for intentionally receiving, retaining or disposing of stolen property, in violation of § 13A-8-17, Code of Alabama (1975). On November 29, 1982, he was found guilty as charged, and on January 7, 1983, he was sentenced to eight years' imprisonment.
Captain David Shipley, a security contractor for Great Southern Paper Company in Cedar Springs, Georgia, testified at trial that a two-way Motorola radio, marked with an identifying serial number, was assigned to an employee of the company who reported that it was missing in October of 1981. The radio was tuned to a frequency that had been assigned to the company and an announcement of the assignment was broadcast over the radio frequency at regular intervals. Shipley surmised that the radio had been taken by some employee, since the radios were not to be taken outside the mill without a material pass.
Frank Meadows, a sergeant with the Houston County Sheriff's Department, testified that he took his van to appellant's place of business to have it painted, and that while he was there appellant asked him if he knew anyone who could put a county frequency crystal in a radio. Meadows said that he did and appellant asked, "Well, can you keep your mouth shut?" Meadows replied, "Yeah." Appellant went to his truck, reached under the seat, brought out a two-way radio and handed it to Meadows. Appellant said, "Now, keep your mouth shut and whatever you do, don't key this mike." (I.e., key the radio in to talk on it.)
Meadows took the radio to Charlie Childs, operator of the Sound Shop, and the two men inscribed "FC" on the radio for further identification.
Meadows had a conversation with appellant the following day, during which Larry LaGrone was present. Appellant stated that if they got caught with the radio that he would blame it on Houston Davis, because Davis was suing him for work he claimed was not properly performed. Appellant also stated that Larry LaGrone could get more radios.
Charlie Childs testified that he was an employee of the Sound Shop in Dothan. He identified the Motorola radio as the one he and Frank Meadows had inscribed. He reported that appellant came into his shop, identified himself as the owner of the radio, *Page 1266 
and asked that the frequency and identification plate be changed to correspond to the frequency and identification of the Houston County Sheriff's Department. Appellant stated that he would be getting more radios and would want their frequencies changed also.
Childs testified that, before he turned the radio over to the Sheriff's Department, he heard the hourly identification of the radio station as the Great Southern Paper Company of Cedar Springs, Georgia.
Appellant testified that he got the radio from Houston Davis, who offered it as partial payment for work done on his truck, and that he did not know that it had been stolen.
Appellant contends that the testimony of Charlie Childs regarding the broadcast of the station identification, which he heard while in possession of the radio, was improperly admitted into evidence, requiring a reversal of his conviction. Appellant objected to this testimony at trial, assigning as grounds for the objection that anything Childs heard would have been hearsay and thus inadmissible. On appeal, he argues that by listening to the broadcast Childs committed a criminal violation of § 13A-11-31, Code of Alabama (1975), which provides the following: "(a) A person commits the crime of criminal eavesdropping if he intentionally uses any device to eavesdrop, whether or not he is present at the time."
Appellant failed to preserve this issue for review, since his specific objection at trial was based on hearsay grounds. It is well settled that all grounds of objection not specified are waived, and that the trial court will not be placed in error on grounds not raised at trial. Hughes v. State, 412 So.2d 296
(Ala.Cr.App. 1982); Beasley v. State, 408 So.2d 173
(Ala.Cr.App. 1981), cert. denied, 408 So.2d 180 (Ala. 1982);Knight v. State, 381 So.2d 680 (Ala.Cr.App. 1980).
In addition, it is abundantly clear from the official commentary to § 13A-11-31, Code of Alabama (1975), that the type of communication overheard by Childs was not the type of communication protected by this statutory provision. The commentary quotes United States v. Carroll, 337 F. Supp. 1260
(D.D.C. 1971), where the court set out three elements of an unlawful interception of communication: (1) "a willful interception" (2) of "oral communications uttered by a person exhibiting an expectation that the communication would be in private," and (3) that such "communication must have been under circumstances justifying an expectation of privacy."
Appellant next contends that the trial court improperly restricted his right to cross-examine State's witnesses.
It is axiomatic that the latitude and extent of cross-examination is within the sound discretion of the trial judge and is not to be disturbed on appeal unless there is an abuse of discretion. Weaver v. State, 407 So.2d 568
(Ala.Cr.App. 1981); Renfroe v. State, 382 So.2d 627
(Ala.Cr.App. 1980), cert. denied, 382 So.2d 632 (Ala. 1980).
A review of the record fails to support appellant's allegations of abuse of discretion by the trial judge. On the contrary, his rulings on cross-examination of State's witnesses were in all instances proper.
We have carefully searched the record for errors prejudicial to the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur. *Page 1267