[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 345 
The appellant Donald Wayne Smith was convicted of murder and was sentenced to 25 years' imprisonment.
The evidence shows that on March 6, 1983, a vehicle driven by the appellant collided head-on with an automobile driven by Gary Watts in Talladega County on Highway 77. Gary Watts was accompanied by his wife, Sharon L. Watts, who was riding in the front passenger seat. She was killed instantly as a result of the collision. Gary Watts was transported first to Citizens Hospital in Talladega, and then to the University of Alabama Trauma Center in Birmingham, where he died as a result of injuries received in the collision. Both Gary Watts and Sharon Watts were tested for alcohol and drug consumption. These tests were negative except for the presence of aspirin in the blood of Gary Watts.
An officer at the scene of the accident ordered that the appellant be given a blood alcohol test after he smelled what he thought was alcohol in the appellant's van. This test was performed on appellant at Citizens Hospital in Talladega while he was unconscious as a result of the collision. This test revealed a blood alcohol level of .25, greatly exceeding the statutory level of intoxication of .10.
 I
The appellant contends that the court committed reversible error in allowing the results of the blood alcohol test into evidence. Specifically, he contends that the person who withdrew the sample of blood was unqualified to do so under theRules and Regulations of the State Board of Health Relating tothe Alabama Chemical Test for Intoxication Act. After a careful examination of these rules, we find that they are applicable only to the person who actually performs the chemical analysis, not the person who withdraws the blood.
The statute, Acts 1980, No. 80-434, states in section (a)(2) that "only a physician, registered nurse (or other qualified person) may withdraw blood for the purpose of determining the alcoholic content therein." The technician who withdrew the blood testified that she was licensed through the American Society of Clinical Pathologists and was a member of the American Society of Medical Technologists. We find that these qualifications were sufficient to meet the requirements set out in section a (2) of the Chemical Test for Intoxication Act. In addition, the appellant did not specifically object to the technician's testimony at trial or make a motion to exclude evidence produced by the blood test on the basis that she was not qualified to extract the blood.
Accordingly, the trial court did not err in admitting into evidence the results of the chemical analysis of the appellant's blood.
 II
We will now address the five issues raised by the defendant in his letter to this court.
The appellant first contends that the presence of Mrs. Dee Fine[1] in the courtroom influenced the judge's decision in sentencing. We find this contention meritless. Anyone may attend a public trial. To suggest that any particular person's attendance could improperly influence the judge's decision is an affront to the integrity of the trial court and merits no further attention here. *Page 346 
The appellant next contends that the technician had no right to withdraw the blood sample from him and that he did not authorize a blood alcohol test.
We have already addressed the qualifications of the technician and have determined that she was qualified to withdraw the blood sample under the Alabama Chemical Test for Intoxication Act.
Appellant's contention that he did not authorize the test and thus that the blood sample should not have been taken is also without merit. Section 32-5-192 (a), Code of Alabama 1975 states:
 "any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given his consent, subject to the provisions of this division, . . . to a chemical test or tests of his blood, breath or urine for the purpose of determining the alcoholic content of his blood if lawfully arrested for any offense arising out of acts alleged to have been committed while the person was driving a motor vehicle on the public highways of this state while under the influence of intoxicating liquor."
Section 32-5-192 (b), Code of Alabama 1975, provides that "Any person who is dead, unconscious or who is otherwise in a condition rendering him incapable of refusal, shall be deemed not to have withdrawn the consent provided by subsection (a) of this section and the test or tests may be administered." Accordingly, the blood sample was properly taken.
The appellant next contends that it was never proven that he was driving a vehicle with the intent to kill as stated in the indictment. Section 13A-6-2 (a), Code of Alabama 1975, states that "A person commits the crime of murder if . . . (2) Under circumstances manifesting extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to a person other than himself, and thereby causes the death of another person." A conviction for murder resulting from a homicide caused by the driving of an automobile is authorized where there is sufficient evidence to warrant a finding by the jury either that the accused intentionally caused the collision or that he was conscious of his acts, conscious of the impending danger surrounding him, and conscious of the probable results of his acts, and then, with reckless indifference to the probable consequences of his acts, brought about the collision and death of the deceased. Jolly v.State, 395 So.2d 1135 (Ala.Crim.App. 1981). Such a finding was warranted by the evidence in this case.
The appellant next contends that publicity caused by Mrs. Dee Fine caused prejudice against him which resulted in an unjust sentence. We have already addressed the issue of Mrs. Fine's influence on the trial, found there to be none, and find here likewise that no prejudice was suffered by appellant because of her presence.
Appellant's final contentions are that he should have been charged with manslaughter because this is his first felony and that other persons convicted since his trial have received lesser sentences.
The charge of murder was warranted by the facts in this case. As to the appellant's final contention, we can say only that the judicial system is not a vending machine and thus identical sentences need not be given in every similar case.
AFFIRMED.
All the Judges concur.
[1] Mrs. Dee Fine was instrumental in the organization of MADD (Mothers Against Drunk Drivers) in Alabama. *Page 850