William Michael Scanland was indicted for the murder of one Timothy Keeling in violation of § 13A-6-2, Code of Alabama 1975. The jury found him "guilty as charged" and following a sentencing hearing, the trial court sentenced him to life imprisonment in the penitentiary pursuant to the Alabama Habitual Felony Offender Act.
Wilbur Williams testified that he was employed by the Mobile Police Department. On December 22, 1983, the police received a call to investigate a homicide at Solomon's Delicatessen Restaurant and Bar. Upon arriving at the scene Williams saw the body of a white male lying on the floor of the restaurant. Paramedics were trying to revive the victim at this time.
Williams identified a number of photographs which had been taken of the parking lot area at Solomon's and a photograph showing the hands of the appellant. When the appellant was taken into custody he had abrasions on his knuckles and two slice marks on the palm of his right hand which were consistent with knife cuts. Williams' investigation of the parking lot revealed blood on a pole of a chain link fence surrounding the parking lot. This blood turned out to be the same type as that of the victim. His investigation further revealed that some $240.00 in cash was found on the body of the victim.
Douglas Malkamus testified that he was employed as the general manager of Solomon's. On December 22, 1983, he observed the victim in one of the restaurant booths. The victim appeared to be having a problem and Malkamus started toward him. At this time the appellant entered the restaurant and told Malkamus that he would take care of the victim. Malkamus stated that appellant had blood on his hands when he entered the restaurant. Malkamus then called the police and an ambulance. Appellant told Malkamus that he was leaving because he was "wanted by the law."
Paul Hilyer testified that he was an employee of Solomon's on December 21-22, 1983. Approximately 15 minutes before the police and ambulance were called, he observed the appellant running behind the victim in the parking lot at Solomon's. He stated that the appellant was wearing a plaid flannel shirt and dark pants at this time. He further stated that appellant told him that he (appellant) had to chase the victim all over the parking lot to catch him.
Donnie Ray Sparks testified that he had been at Solomon's on December 22, 1983. He left the club with the appellant and was still with the appellant when the police stopped appellant's car. Appellant told Sparks that someone had jumped him and Keeling in the parking lot and wanted to know if Sparks would help him if the people came after him.
Marlon Douglas Richardson testified that he was a Mobile police officer. On December 22, 1983 he responded to a call of a stabbing at Solomon's. Appellant was placed in Richardson's patrol car and Richardson read the appellant his Miranda
rights. Appellant stated that he understood those rights. Appellant told Richardson that he had gone to the parking lot to get some money when he saw two people leaning over Tim Keeling. Appellant ran the people away and then helped Tim inside Solomon's.
Wilbur Williams testified that he was a Mobile police officer and he participated in the stop of appellant's automobile and the arrest of appellant. After the appellant was arrested, his car was impounded. After obtaining a search warrant, the officers conducted a search of appellant's car. The search revealed a black knife sheath found lying on the front seat of the car and a blue plaid flannel shirt with blood on it was found in the trunk of the car.
John Boone purchased a knife and sheath similar to the sheath found in appellant's car. The knife which was purchased by Boone fit into the sheath found in appellant's *Page 1185 
vehicle. The knife had a four inch blade with no knife guard.
Boone further testified that he read the appellant hisMiranda rights at the time appellant gave a statement. The statement was tape recorded and then transcribed at a later time. Boone stated that no inducements, threats, intimidation or any other types of coercion or persuasion were used to get the appellant to make a statement. Boone further stated that although appellant had been drinking he appeared to know what he was doing in answering questions. The recorded statement was played for the jury over objection by defense counsel. Boone further stated that cuts found in the appellant's hands were consistent with one using a knife to stab another and the hand sliding across the top of the blade of the knife.
Dr. Leroy Riddick performed the autopsy on the victim. Such autopsy revealed some 18 stab wounds on the body of the victim. Dr. Riddick stated that the wounds were consistent with a four inch knife. He further stated that the cause of death was the stab wounds to the body.
The appellant testified, in essence, that he and Tim Keeling were good friends. He found Keeling in the parking lot of Solomon's. He denied having caused Keeling any harm or having any confrontation with him at all. He left the scene that night because he was on parole in Texas and did not want to go back there.
 I
Appellant contends that the State failed to present a prima facie case of murder. He further argues that the evidence was not sufficient to support the jury's verdict finding him guilty of murder.
In the prosecution of an accused for the offense of murder, the State must prove the corpus delicti which includes: (1) the death of the victim named in the indictment, and (2) that death was caused by the criminal agency of another. See Johnson v.State, 378 So.2d 1164 (Ala.Crim.App.), cert. quashed,378 So.2d 1173 (Ala. 1979). The State must further show that the defendant caused the death of the victim and the intent to cause such death. Section 13A-6-2, Code of Alabama 1975. Intent may be inferred from the use of a deadly weapon. Fears v.State, 451 So.2d 385 (Ala.Crim.App. 1984); Young v. State,428 So.2d 155 (Ala.Crim.App. 1982); Swann v. State, 412 So.2d 1253
(Ala.Crim.App. 1982). Further, circumstantial evidence alone may be sufficient in conjunction with other facts and circumstances which tend to connect the accused with the commission of the crime to sustain a conviction. Dolvin v.State, 391 So.2d 133 (Ala. 1980) and cases cited therein; Cumbov. State, 368 So.2d 871 (Ala.Crim.App. 1979), cert. denied,368 So.2d 877 (Ala. 1979).
"When the evidence raises a question of fact for the jury and such evidence, if believed, is sufficient to sustain a conviction, the denial of a motion for acquittal, the refusal to give the affirmative charge, or the denial of a motion for new trial by the trial court do not constitute error." Young v.State, 283 Ala. 676, 220 So.2d 843 (1969); Baker v. State,338 So.2d 528 (Ala.Crim.App. 1976); Duncan v. State, 436 So.2d 883
(Ala.Crim.App. 1983). Further, "[a] verdict of conviction will not be set aside on the ground of insufficiency of the evidence, unless, allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearLy convince this [c]ourt that it was wrong and unjust." Ward v. State, 356 So.2d 238
(Ala.Crim.App.), cert. denied, 356 So.2d 242 (Ala. 1978);Johnson v. State, 378 So.2d 1164 (Ala.Crim.App.), cert. quashed, 378 So.2d 1173 (Ala. 1979); Duncan, supra.
In the case at bar the jury heard all the evidence. They chose not to believe the appellant's version of the incident, i.e., his complete denial of the crime. We have carefully reviewed the evidence in this cause and find that the State did, in fact, prove a prima facie case of murder and that there was sufficient evidence to support the verdict of guilty of murder. Cumbo, supra. *Page 1186 
 II (a)
Appellant contends that the trial court erred in admitting his tape recorded statement into evidence. He specifically argues that the statement contained information given by the appellant as to a prior juvenile record and other arrests of appellant for prior criminal offenses.
We have carefully reviewed the record in this cause and such record reveals that, for aught that appears, no objection was ever made during any prior proceeding or at trial to the evidence of other crimes contained within the appellant's statement. Therefore, this has not been preserved for our review. Acoff v. State, 435 So.2d 224 (Ala.Crim.App. 1983);Snider v. State, 406 So.2d 1008 (Ala.Crim.App.), cert. denied,406 So.2d 1015 (Ala. 1981); Bridges v. State, 391 So.2d 1086
(Ala.Crim.App. 1980). While there were objections made to the introduction of appellant's statement, the grounds raised on appeal were not specified at trial. It is well settled that all grounds of objection not specified are waived, and that the trial court will not be placed in error on grounds not raised at trial. Blackmon v. State, 449 So.2d 1264 (Ala.Crim.App. 1984); Hughes v. State, 412 So.2d 296 (Ala.Crim.App. 1982);Wyrick v. State, 409 So.2d 969 (Ala.Crim.App. 1981); Beasley v.State, 408 So.2d 173 (Ala.Crim.App. 1981), cert. denied,408 So.2d 180 (Ala. 1982); C. Gamble, McElroy's Alabama Evidence, § 426.01 (11) (3d ed. 1977).
 II (b)
Appellant's contention that evidence of his prior juvenile record was erroneously admitted into evidence is without merit. The appellant did object to the portion of his statement which revealed a prior juvenile record. Therefore, such was preserved for our review. However, the trial judge acted promptly in giving the jury curative instructions. He cautioned the jury that the information on the tape concerning the prior juvenile record was not to be considered in any way and that it had nothing to do with the offense for which the appellant was being tried. Upon completion of his cautionary instructions, the trial judge polled the jury to insure that they could remove from consideration any information concerning such prior record. Retowsky v. State, 333 So.2d 193 (Ala.Crim.App. 1976). We find that in this state of the record no prejudicial error has occurred which mandates a reversal of this cause. ARAP 45. See Lewis v. State, 399 So.2d 907 (Ala.Crim.App. 1981); Hatchv. State, 398 So.2d 415 (Ala.Crim.App. 1981); Barbee v. State,395 So.2d 1128 (Ala.Crim.App. 1981).
 III
Appellant contends that his statement was erroneously admitted into evidence. He argues that such statement was not shown to be voluntary because he was intoxicated at the time of the statement.
The State must show a voluntariness predicate and a Miranda
predicate in order for a statement to be deemed admissible.Thomas v. State, 373 So.2d 1149 (Ala.Crim.App.), affirmed,373 So.2d 1167 (Ala. 1979). The prosecution brought forth testimony which properly showed that the appellant was advised of hisMiranda rights, that he had not been threatened, intimidated coerced or promised any reward for making a statement, and that he freely and voluntarily waived his rights. It is the province of the trial judge to first determine the voluntariness of a statement in a voir dire examination outside the presence of the jury and unless there is clear abuse this decision will not be overturned. Duncan v. State, 278 Ala. 145, 176 So.2d 840
(1965); Shewey v. State, 48 Ala. App. 730, 267 So.2d 520 (1972);Bills v. State, 49 Ala. App. 726, 275 So.2d 706 (1973); Shortsv. State, 412 So.2d 830 (Ala.Crim.App. 1981); Snider v. State,422 So.2d 807 (Ala.Crim.App. 1982).
Further, "[t]his court has held on many occasions that in order for intoxication to render a confession inadmissible, it must amount to a `mania' which impairs the will and mind to the extent that the person confessing is unconscious of the meaning *Page 1187 
of his words, [a] lesser state of intoxication will not render a confession inadmissible. Willis v. State, 342 So.2d 802
(Ala.Crim.App. 1976); Tice v. State, 386 So.2d 1180
(Ala.Crim.App. 1980); Palmer v. State, 401 So.2d 266
(Ala.Crim.App. 1981)." Boggan v. State, 455 So.2d 228
(Ala.Crim.App. 1984).
The record in the present case does not support appellant's contention. It was not established that he was so highly intoxicated as to be at a point of "mania". At least one officer testified that he would not have allowed appellant to operate his vehicle due to his intoxicated state. However, "[t]he fact that appellant was so intoxicated that he would have been arrested for public drunkenness is not sufficient" to establish that appellant was intoxicated to a point of "mania". See Woods v. State, 54 Ala. App. 591, 310 So.2d 891 (1975) andHollis v. State, 399 So.2d 935 (Ala.Crim.App. 1981).
A careful review of the record indicates that the trial judge's conclusion that the statement was voluntary was adequately supported by the facts. Therefore, this statement was properly admitted into evidence.
 IV
Appellant argues that the trial court improperly refused his written requested instruction on self defense.
The trial court may properly refuse a written requested charge which is not applicable to the evidence as presented at trial. See Rogers v. State, 417 So.2d 241 (Ala.Crim.App. 1982);Taylor v. State, 408 So.2d 551 (Ala.Crim.App.), cert. denied,408 So.2d 555 (Ala. 1981); McDaniel v. State, 446 So.2d 670
(Ala.Crim.App. 1983).
The appellant's testimony at trial was that he denied causing any harm to Tim Keeling or in any way having any confrontation with Keeling. Appellant found Keeling badly beaten in the parking lot at Solomon's. Appellant saw two white males exiting the parking lot. He then helped Keeling into Solomon's where paramedics and police were notified. Under the evidence in this cause, the trial judge acted properly in refusing the written requested charges on self defense.
 V
Appellant argues that the trial court erred in admitting into evidence photographs of the victim. He argues that the photographs had no reasonable tendency to prove or disprove any material fact in issue and therefore they were unduly prejudicial.
Our review of the record in this cause does not indicate that the admission of the photographs was prejudicial to the appellant. They were properly admitted as evidence. Brodka v.State, 53 Ala. App. 125, 298 So.2d 55 (1974) and cases cited therein.
 VI
Appellant contends that the trial court erred in failing to grant a new trial due to alleged impropriety of certain jurors during trial. He specifically argues that a state witness was seen talking to a juror's brother during the trial and that a juror was observed reading a newspaper during the trial. He argues that these activities created a grave doubt as to whether the jury's deliberations were not tainted.
The trial court held a hearing on these matters and determined that the allegations were without merit. We agree. Our review of the record on this point does not indicate that the events complained of by appellant had any bearing on his trial. The determination of the trial court that no improper communications occurred will not be disturbed in this cause.
We have carefully examined the record in this cause and find no errors therein. Therefore, the judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 1188