The appellant, Wilson Brooks Holifield, was convicted of murder and sentenced to life imprisonment.
The evidence presented by the State tended to show that on February 2, 1986, a vehicle driven by the appellant on North Donahue Drive in Auburn left the road at a high rate of speed and crashed into a telephone pole. Tabitha Lynn Williams, a passenger in the car, was taken to East Alabama Medical Center, where she died as a result of injuries received in the accident. The appellant and one of his passengers, Murray Lee Johnson, suffered minor injuries as a result of the accident.
An officer at the scene of the accident smelled what he thought to be alcohol on the appellant's breath. He accompanied the ambulance transporting appellant to the East Alabama Medical Center, placed appellant under arrest, read appellant his Miranda rights, and directed a registered nurse to withdraw a blood sample from the appellant. A subsequent chemical analysis of the blood revealed a blood alcohol level of .31, greatly exceeding the statutory level of intoxication of .10.
 I
Appellant's first contention of error is that at the time his blood sample was taken he had not been placed under arrest and thus the chemical analysis of his blood should not have been admitted into evidence at his trial. Appellant refers to §32-5-192(a), Code of Alabama 1975, which states in pertinent part:
 "(a) Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given his consent, subject to the provisions of this division, to a chemical test or tests of his blood, breath or urine for the purpose of determining the alcoholic content of his blood if lawfully arrested for any offense arising out of acts alleged to have been committed while the person was driving a motor vehicle on the public highways of this state while under the influence of intoxicating liquor. The test or tests shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor. The law enforcement agency by which such officer is employed shall designate *Page 242 
which of the aforesaid tests shall be administered. Such person shall be told that his failure to submit to such a chemical test will result in the suspension of his privilege to operate a motor vehicle for a period of 90 days; provided if such person objects to a blood test, the law enforcement agency shall designate that one of the other aforesaid tests be administered."
" 'An arrest consists in taking, under real or assumed authority, custody of another person for the purpose of detaining him to answer a criminal charge or civil demand.'Central of Georgia Ry. Co. v. Carlock, 196 Ala. 659, 72 So. 261
(1916)." Cooper v. State, 474 So.2d 182, 183 (Ala.Cr.App. 1985), quoting Glass v. State, 424 So.2d 687, 689-90
(Ala.Cr.App. 1982). See also Wilson v. Orr, 210 Ala. 93,97 So. 133 (1923) (in order to constitute an arrest, a manual touching of the body or actual force is unnecessary, it being sufficient if the party is within the power of the officer and submits).
After an examination of the record, we find that the evidence in this case supports the conclusion that the appellant was, in fact, under arrest when he submitted to the blood test. Nurse Martin testified that before taking the blood sample, the appellant was told of his Miranda rights. Nurse Martin was also informed by Officer Wilcox that the appellant was under arrest. Since the appellant was arrested before the withdrawal of a blood sample, the chemical analysis of his blood was correctly admitted into evidence.
 II
Appellant's second contention of error is that the prosecution failed to lay a proper predicate for the introduction of his blood test results into evidence. Specifically, he contends that neither the person who withdrew the blood sample nor the person who analyzed the sample followed the procedures set out in the Rules and Regulations ofthe State Board of Health Relating to the Alabama Chemical Testfor Intoxication. Our examination of the record, however, reveals that this issue was not raised during trial. The objection to the evidence made by appellant at trial was made on the sole ground that Holifield was not under arrest at the time the blood sample was taken.
To sustain an argument on appeal, the appellant must show that the alleged error was preserved for our review. Greer v.State, 475 So.2d 885, 888 (Ala.Cr.App. 1985). In order to preserve an issue for appellate review, a timely objection at trial must be made. Acoff v. State, 435 So.2d 224, 225
(Ala.Cr.App. 1983). The trial judge never had a chance to consider the issue or attempt correction if a correction had been indicated. No adverse ruling was made at trial on the grounds for objection now argued by appellant. Since no objection was raised at trial concerning this issue, it is not preserved for our review. We stated in Cooper v. State, supra, 474 So.2d at 183:
 "The error argued on appeal has not been preserved for review. '[T]he assignment of a specific ground of objection to the question constituted a waiver of all other grounds.' Carter v. State, 205 Ala. 460, 462, 88 So. 571
(1921). 'It is well settled that all grounds of objection not specified are waived, and that the trial court will not be placed in error on grounds not raised at trial.' Blackmon v. State, 449 So.2d 1264, 1266 (Ala.Cr.App. 1984). See also Stemple v. State, 352 So.2d 33, 36 (Ala.Cr.App. 1977)."
Even if this issue had been properly preserved for our review, the result would be the same. In Smith v. State,460 So.2d 343, 345 (Ala.Cr.App. 1984), we held that the aforementioned rules and regulations apply only to the individual who actually performs the chemical analysis, not to the person who withdraws the blood. These rules did not apply to the registered nurse who took the blood sample.
Laura Shelvin, a toxicologist with the State Department of Forensic Sciences, who performed the chemical analysis of the blood sample taken from the appellant, testified that she conducted that analysis in accordance with the rules and regulations of the State Health Department. Not one question was asked her by opposing counsel *Page 243 
regarding this, nor was any contradictory evidence offered by appellant. There is, then, no basis in fact or law for this argument. No error was committed in receiving into evidence the chemical analysis of appellant's blood.
 III
Appellant's next contention is that the prosecution failed to prove the intent necessary to find him guilty of murder. Again, no objection or motion was made by the defense addressing the issue. Thus, this issue is not preserved for our review.Greer, supra; Acoff, supra; Cooper, supra.
Appellant contends that because the victim elected to ride with him in his intoxicated state, she assumed the risk of any injury incurred and, therefore, that the actions of the appellant cannot equal the extreme indifference to human life necessary to sustain a conviction for murder. We disagree. Proof of a state of mind of some person other than the appellant does not logically prove or disprove the state of mind of the appellant. Simply because another person has a certain attitude does not disprove the appellant's intent or state of mind needed to support a murder conviction. This argument is logically without merit.
Furthermore, the evidence presented at trial more than establishes the necessary state of mind of the appellant. He left the bar after "chugging" down at least two pints of Red Dagger, got into a borrowed vehicle, and drove toward Auburn. At some point on his way to Auburn, appellant accepted a challenge to race. Deaf to the pleas of his passengers, appellant raced through town at speeds of 80 to 100 miles per hour until he lost control of the car and crashed into a telephone pole, resulting in the injury and subsequent death of one of his passengers. As we stated in Smith v. State, supra, 460 So.2d at 346:
 "Section 13A-6-2(a), Code of Alabama 1975, states that 'A person commits the crime of murder if . . . (2) Under circumstances manifesting extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to a person other than himself, and thereby causes the death of another person.' A conviction for murder resulting from a homicide caused by the driving of an automobile is authorized where there is sufficient evidence to warrant a finding by the jury either that the accused intentionally caused the collision or that he was conscious of his acts, conscious of the impending danger surrounding him, and conscious of the probable results of his acts, and then, with reckless indifference to the probable consequences of his acts, brought about the collision and death of the deceased. Jolly v. State, 395 So.2d 1135
(Ala.Cr.App. 1981). Such a finding was warranted by the evidence in this case."
 IV
Appellant's final contention of error is that the trial court erred in receiving evidence of prior convictions for driving under the influence of alcohol that occurred more than five years before the incident for which he was being tried.
There is not a specific time period that defines remoteness, for purposes of excluding evidence on the grounds of remoteness in a criminal case. Primm v. State, 473 So.2d 1149, 1167
(Ala.Cr.App. 1985). Instead, we have held that remoteness is a relative idea and varies in its application according to the specific facts of each case. Palmer v. State, 401 So.2d 266,269 (Ala.Cr.App.), cert. denied, 401 So.2d 270 (Ala. 1981),cert. denied, 455 U.S. 922, 102 S.Ct. 1280, 71 L.Ed.2d 463
(1982). Moreover, the admissibility of such evidence is left to the sound discretion of the trial court. Primm v. State, supra, 473 So.2d at 1157.
Appellant's contention that § 32-5A-191, Code of Alabama 1975, prohibits the introduction into evidence of DUI convictions occurring more than five years prior to the arrest in question is unfounded. Indeed, in the recent opinion ofSmoot v. State, 520 So.2d 182 (Ala.Cr.App. 1987), we held that the trial court did not abuse its discretion by admitting into evidence a DUI conviction *Page 244 
that occurred six years earlier. Here, the court did not arbitrarily admit all of the appellant's past DUI convictions. In fact, the court ruled that a conviction for DUI occurring in 1977 was too remote to be admitted into evidence. However, the court did not feel that the DUI convictions that occurred in 1979 were too remote from the current incident, which occurred in early 1986. We hold that the trial court did not abuse its discretion in admitting into evidence DUI convictions that occurred approximately seven years before the event.
The judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur.