TYSON, Judge.
Robert Christopher Alleyne was indicted for trafficking in cocaine in violation- of § 20-2-80(2), Code of Alabama 1975. He was found “guilty as charged in the indictment”, sentenced to 25 years in prison and fined $250,000. He raises six issues on appeal.
I
The appellant, Alleyne, first contends that the State failed to prove that he possessed in excess of 400 grams of cocaine because only 12 to 15 grams of the substance was tested. The record reveals that the forensic chemist tested a representative sample of each separate lot of cocaine and found each sample to be at least 98% pure cocaine.
In Lyons v. State, 455 So.2d 295 (Ala.Crim.App.1984), this court held that there was sufficient evidence to sustain a conviction for trafficking in cocaine even though the scientific tests revealed that only 27.2 grams of the tested substance was cocaine.
This court distinguished Dickerson v. State, 414 So.2d 998 (Ala.Crim.App.1982), stating that, because of the very definition of marijuana, a defendant charged with trafficking in marijuana may prove that the quantity of marijuana contained excludable matter. This court noted that there is no similar provision for trafficking in cocaine. Lyons. Section 20-2-80(2), Code of Alabama 1975 provides that any person who knowingly possesses or sells “28 grams or more of cocaine or of any mixture containing cocaine, described in section 20-2-25(1),” is guilty of trafficking in cocaine. Section 20-2-25(l)(d), Code of Alabama 1975 is the definition of cocaine.
The appellant is in error in asserting that § 20-2-25(l)(d) defines the mixture referred to in § 20-2-80(2). Although § 20-2-25(l)(d) defines what constitutes cocaine, it does not define the “mixture” referred to in the trafficking in cocaine statute. As long as there are 28 grams (in this case more than 400) or more of substance, it is sufficient if any portion of the mixture contains cocaine. Therefore, the State proved a prima facie case of trafficking in cocaine.
The appellant also argues that, because the indictment charged him with possession of more than 400 grams of cocaine and not with possession of a mixture, the State was precluded from offering any proof of a mixture containing cocaine. Trafficking in cocaine includes trafficking in cocaine or in any mixture thereof. Therefore, the appellant was on notice as to what he was called upon to defend and we find no merit to this argument.
II
The appellant next contends that the trial court violated his right to have compulsory process to obtain witnesses in his favor by denying his motion for a continuance. The appellant argues that the State failed to provide him with the proper address of two informants who participated in the cocaine sale and that, upon learning of this failure, the trial court should have granted his motion for continuance. The appellant’s attorney told the court on the day of the trial that he had not been informed of the most recent address of one of the informants until that morning. The record indicates that the appellant was provided with the addresses for each of the informants at the *307 preliminary hearing. The record also indicates that, since that time, the informant was arrested and incarcerated in Florida and was fighting extradition to Alabama on charges of possession of cocaine. There is no evidence in the record that the State was aware of this informant’s most recent location or withheld this information from the appellant. The record further indicates that no one had any knowledge of the whereabouts of the second informant.
If a confidential informant is a material witness, as in this case, the State is required to provide the accused with the identity and address of the informant. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). The State does not, however, have a duty to gather additional information pertaining to the location of the informant. Self v. State, 420 So.2d 798 (Ala.1982). The State is only obligated to furnish the accused with information that is presently within the possession and control of the State. Self.
“ ‘The constitutional right of the accused to have compulsory process to obtain witnesses in his defense is well established. See, e.g., Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); United States v. Melchor Moreno, 536 F.2d 1042 (5th Cir.1976). Holding this Sixth Amendment right to be applicable in state proceedings, the Supreme Court in Washington noted:
“ ‘ “The right to offer testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense.... This right is a fundamental element of due process of law.” 388 U.S. at 19, 87 S.Ct. at 1923.
“ ‘Not every denial of a motion for continuance to obtain witnesses violates the accused’s right to compulsory process. See e.g., McKinney v. Wainwright, 488 F.2d 28 (5th Cir.), cert. denied, 416 U.S. 973, 94 S.Ct. 1998, 40 L.Ed.2d 562 (1974). A court may not, however, refuse to grant a reasonable continuance for the purpose of obtaining defense witnesses where it has been shown that the desired testimony would be relevant and material to the defense. Hicks v. Wainwright, 633 F.2d 1146 (5th Cir.1981); Singleton v. Lefkowitz, 583 F.2d 618 (2d Cir.1978). In Hicks this Court recently enunicated several factors which are to be considered in determining whether an accused was deprived of his right to compulsory process by a denial of a motion for continuance:
“ ‘ “[T]he diligence of the defense in interviewing witnesses and procuring their presence, the probability of procuring their testimony within a reasonable time, the specificity with which the defense is able to describe their expected knowledge or testimony, the degree to which such testimony is expected to be favorable to the accused, and the unique or cumulative nature of the testimony.” 633 F.2d at 1149 (quoting United States v. Uptain, 531 F.2d 1281, 1287 (5th Cir.1976) (footnotes omitted).’ Dickerson v. Alabama, 667 F.2d 1364 1369-70 (11th Cir.1982) (footnote omitted). See also Dale v. State, 466 So.2d 196 (Ala.Crim.App.1985); Firth v. State, 493 So.2d 397 (Ala.Crim.App.1986).”
Barton v. State, 494 So.2d 943, 948-949 (Ala.Crim.App.1986).
Our examination of the record leads us to the conclusion that the appellant’s constitutional rights were not violated by the denial of his motion for continuance. The record indicates that the whereabouts of one informant was unknown. Although the other informant was incarcerated in Florida, there was no evidence that his testimony could probably be procured within a reasonable time. Furthermore, although the appellant stated that he expected the informant’s testimony to show an illegal inducement in support of his entrapment defense, the record does not disclose the specific facts intended to be proved by the absent witness. See Bracy v. State, 473 So.2d 1133 (Ala.Crim.App.1985).
A motion for continuance is addressed to the sound discretion of the trial court and the denial of such motion will only be reversed upon a showing of a gross abuse of that discretion. Fields v. State, 424 So.2d 697 (Ala.Crim.App.1982). We find no such abuse in this case.
*308 Ill
The appellant next contends that the State failed to disclose an agreement about future prosecution between the State and the informants and that this violated his constitutional right to due process. The appellant argues that both Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) and Haber v. Wainwright, 756 F.2d 1520 (11th Cir.1985) require the government to disclose evidence of an understanding or agreement as to future prosecution and that failure to do so may require reversal of a conviction. Unlike the case at bar, however, in both Gig-lio and Haber, the witnesses with whom the government made an agreement concerning future prosecution were actually witnesses at the trial. Even if Giglio and Haber were applicable to the case at bar, in both of those cases, there was strong evidence of the existence of an agreement.
The record in the appellant’s case does not indicate the existence of an agreement. Chief Investigator Joe Watson testified that there was no agreement or understanding between the State and the informants concerning future prosecution. The appellant has failed to show that the alleged exculpatory and influential evidence actually exists. See Bailey v. State, 421 So.2d 1364 (Ala.Crim.App.1982) (speculation and conjecture will not support a finding of a violation of the right of the accused to a fair trial); Perry v. State, 371 So.2d 969 (Ala.Crim.App.1979).
Even if there was evidence of an agreement, neither case mandates the reversal of the appellant’s conviction. A new trial is only required if the false testimony “in any reasonable likelihood” could have affected the verdict. Giglio v. United States, 405 U.S. at 154, 92 S.Ct. at 766. In both Giglio and Haber, the key government witness was essentially the only witness linking the accused with the crime. This is not true in the present case. We find that, even if there was an agreement, the failure to disclose the agreement did not, in any reasonable likelihood, affect the verdict and was not a violation of the appellant’s due process rights.
IV
The appellant next contends that the trial court erred in admitting the results of the scientific analysis of the cocaine because the State failed to prove a proper chain of custody.
The record reveals that the cocaine was delivered to the crime lab on December 8, 1987. Officer Watson initially testified at trial that he gave cocaine to Investigator Tim Green on December 8. He stated that he did not recall whether he accompanied Green to the laboratory. Investigator Green testified that he took the cocaine to the crime lab by himself. Watson was subsequently recalled and testified that he rode with Investigator Green to the lab. On cross-examination, it was revealed that Watson testified at the preliminary hearing held on December 7, 1987, that the cocaine had already been sent to the laboratory. Watson stated that this testimony was a “mistake.” [R. 263], The appellant alleges that the discrepancy between Watson’s testimony at the preliminary hearing and the trial constituted a break in the chain. We disagree.
“The establishment of a chain of custody is needed to show a reasonable probability that the evidence has not been tampered with or altered.” Sommer v. State, 489 So.2d 643, 645 (Ala.Crim.App. 1986). The record indicates that there was a reasonable probability that the object tested was the same as, and not substantially different from, the object at the beginning of the chain. See Sommer. A weak link in the chain presents a question of credibility rather than admissibility. Sommer; Grice v. State, 481 So.2d 449 (Ala.Crim.App. 1985). Our review of the record reveals that the State established a proper chain of custody.
V
The appellant argues that the trial court erred in restricting his cross-examination of Chief Investigator Watson concerning the chain of custody. The appellant apparently contends that the trial court erred in not allowing the appellant to play *309 a tape of Watson’s preliminary hearing testimony concerning the chain of custody in the presence of the jury. The record reveals that, although the tape was not played, Watson was thoroughly questioned concerning his preliminary hearing testimony. The appellant was allowed to read the testimony from the transcript and to cross-examine Watson about this testimony. Furthermore, Watson acknowledged a substantial portion of the testimony and testified that he did not recall three of the questions. The tape would merely have been repetitive of the testimony already elicited from Watson.
The range and extent of cross-examination is addressed to the sound discretion of the trial court. Wesley v. State, 481 So.2d 1155 (Ala.Crim.App.), rev’d on other grounds, 481 So.2d 1162 (Ala.1985); Blackmon v. State, 449 So.2d 1264 (Ala.Crim.App.1984). The right to a thorough cross-examination does not extend to questions of a repetitive nature. Smith v. State, 531 So.2d 1245 (Ala.Crim.App.1987); Webb v. State, 455 So.2d 223 (Ala.Crim.App.1984). We find that the trial court did not abuse its discretion by refusing to allow the appellant to play the tape of the preliminary hearing.
VI
The appellant contends that the State failed to prove venue. This argument has no merit. There are numerous references in the record to Dothan and Houston County, Alabama.
For the reasons stated above, this case is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.