Wendy Lasha Martin was indicted for the offense of murder, in violation of § 13A-6-2, Code of Alabama 1975. The jury found Martin guilty of the lesser included offense of manslaughter, and the court sentenced Martin to 10 years' imprisonment *Page 1196 
and ordered her to pay $4,060 in restitution and $50 to the victim's compensation fund. Three issues are raised on appeal.
 I
Martin contends that the trial court erred in granting the State's pre-trial motion in limine which sought to exclude any reference to any alleged attacks by the victim, Jonathan Curry, on Martin, which occurred prior to the victim's death on February 15, 1989.
This issue has been rendered moot because the evidence complained of was in fact introduced through the testimony of a defense witness at trial. See Ex parte Brawley, 277 Ala. 646,173 So.2d 808 (1965).
Defense witness Joann Curry testified on direct examination as follows:
"Q And do you know Wendy Martin?
"A Yes.
"Q Are you related to her?
"A No.
"Q How do you know Wendy Martin?
"A We go to the same church.
"Q And did you know Jonathan Curry?
"A No.
"Q Did you know him when you saw him?
"A Yes.
 "Q On the occasions that you saw him, who, if anyone, was he with?
"A Wendy.
 "Q Now, did you see Wendy and Jonathan on numerous occasions?
"A Not too many times.
 "Q Okay. Any of the times that you saw them together, did you ever see them having a fight?
"A Yes.
 "Q Was it — how many times did you see them having a fight?
 "A I saw them fighting once and arguing a couple of times.
 "Q Okay. Now, you make distinction between fighting and arguing. When you say 'fighting,' do you mean physical?
"A Yes.
 "Q On that occasion do you recall if Wendy was pregnant or if it was after she had had her baby?
"A She was pregnant.
 "Q And could you describe to the ladies and gentlemen of the jury what you saw?
 "A I saw that he was beating up on her and I saw that she was pregnant, and I said — well, I didn't know who she was, but I decided that I'd better stop and when I stopped, she was coming toward the car where I was and he was coming behind her.
 "Q And what happened — what, if anything, happened then?
 "A I opened the door and she was crying and her nose, you know, was bloody and I told her to get in the car and he was walking behind her saying something. I don't know what he was saying, and she got on in.
". . . .
 "Q Okay. Did you take her to the hospital or anything like that?
 "A No, I took her home and some of her people, you know, from there started to take her to the hospital."
Martin is therefore estopped from raising this issue on appeal where the evidence sought to be excluded by the State was in actuality admitted into evidence on behalf of Martin.
 II
Martin contends that the trial court committed reversible error by denying her motion for judgment of acquittal because the prosecution failed to establish a prima facie case of murder.
Martin was indicted for violating § 13A-6-2, Code of Alabama 1975, which provides in pertinent part:
"(a) A person commits the crime of murder if:
 "(1) With intent to cause the death of another person, he causes the death of that person or of another person. . . ."
 "In the prosecution of an accused for the offense of murder, the State must *Page 1197 
prove the corpus delicti which includes: (1) the death of the victim named in the indictment, and (2) that death was caused by the criminal agency of another. See Johnson v. State, 378 So.2d 1164
(Ala.Crim.App.), cert. quashed, 378 So.2d 1173
(Ala. 1979). The State must further show that the defendant caused the death of the victim and the intent to cause such death. Section 13A-6-2, Code of Alabama 1975. Intent may be inferred from the use of a deadly weapon. Fears v. State, 451 So.2d 385 (Ala.Crim.App. 1984); Young v. State, 428 So.2d 155 (Ala.Crim.App. 1982); Swann v. State, 412 So.2d 1253 (Ala.Crim.App. 1982). Further, circumstantial evidence alone may be sufficient in conjunction with other facts and circumstances which tend to connect the accused with the commission of the crime to sustain a conviction. Dolvin v. State, 391 So.2d 133 (Ala. 1980) and cases cited there; Cumbo v. State, 368 So.2d 871
(Ala.Crim.App. 1979), cert. denied, 368 So.2d 877
(Ala. 1979)."
Scanland v. State, 473 So.2d 1182, 1185 (Ala.Cr.App.), cert.denied, 474 U.S. 1035, 106 S.Ct. 602, 88 L.Ed.2d 581 (1985).
In the case sub judice, the prosecution presented evidence through the testimony of the police and medical personnel called to the scene which indicated that the victim Jonathan Curry had been fatally stabbed on February 15, 1989. Officer Ray Owens investigated the crime and discovered the victim lying on his stomach in a pool of blood. Officer Lewis Miller recovered the knife used to kill the victim from Martin's sister, and he obtained a statement from Martin in which she confessed to the stabbing.
Dr. James Jones stated that, in examining the victim, he saw wounds to the victim's neck, chest, and hands. Dr. Jones, along with the pathologist Dr. Alfredo Paredes, testified that the victim's death was caused by the wound inflicted on the victim's neck.
The prosecution, moreover, elicited the testimony of the victim's relatives who stated that Martin told them that she was going to kill the victim.
Viewing the evidence presented in the light most favorable to the prosecution, we hold that the State clearly presented a prima facie case of murder: 1) the prosecution clearly established that the victim was dead; 2) the prosecution clearly established that the victim's death was caused by a knife wound to the victim's neck which was inflicted by Martin, as she subsequently confessed; and 3) Martin's intent to cause the victim's death could be inferred by her use of a deadly weapon and by her threats to kill the victim.
Hence, the trial court properly denied Martin's motion for judgment of acquittal.
 III
Martin contends that the trial court erred in denying her motion for a new trial because the evidence presented at trial did not support a conviction of manslaughter.
The lesser included offense of manslaughter is defined in § 13A-6-3, Code of Alabama 1975, as follows:
 "(a) A person commits the crime of manslaughter if:
 "(1) He recklessly causes the death of another person, or
 "(2) He causes the death of another person under circumstances that would constitute murder under section 13A-6-2; except, that he causes the death due to a sudden heat of passion caused by provocation recognized by law, and before a reasonable time for the passion to cool and for reason to reassert itself."
"[S]ection 13A-6-2(a)(2) is designed to cover those situations where the jury does not believe a defendant is guilty of murder but also does not believe the killing was totally justified by self-defense." Shultz v. State,480 So.2d 73, 76 (Ala.Cr.App. 1985).
Although Martin attempted to show that her act of stabbing the victim was justified by self-defense, the question of whether the stabbing was done in the heat of passion was for the jury to decide. Hill v. State, 516 So.2d 876 (Ala.Cr.App. 1987). Where, moreover, the defendant has admitted to the killing, the justification *Page 1198 
for such action is a question for the jury. Id.
Viewing the evidence presented in the light most favorable to the prosecution, we hold that there was clearly sufficient evidence to support the jury's verdict of manslaughter: 1) the prosecution clearly established that Martin caused the death of the victim under circumstances that would constitute murder under § 13A-6-2 as discussed in the preceding issue, and 2) the jury could infer that Martin, who discovered the victim at his mistress's house, caused the victim's death in the sudden heat of passion and before a reasonable time for the passion to cool had elapsed.
The trial court therefore properly denied Martin's motion for a new trial on this ground.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.