**Odell Aaron HICKS, Petitioner–Appellee,**

v.

**Louie L. WAINWRIGHT, Secretary, Department of Corrections, State of Florida, Respondent–Appellant.**

No. 80–5097
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Jan. 5, 1981.

Calvin L. Fox, Asst. Atty. Gen. of Fla., Miami, Fla., for respondent–appellant.

Elliot H. Scherker, Asst. Public Defender, Miami, Fla., for petitioner–appellee.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

RONEY, Circuit Judge:

This is an appeal from the grant of a writ of habeas corpus under 28 U.S.C.A. § 2254. Although mindful of the difficulties which confront state trial judges in managing busy dockets, especially in the handling of professional witnesses and in the recalcitrance of some counsel, we nevertheless agree with the district court that the denial of a continuance in this case prevented petitioner from presenting his only expert witness on his insanity defense, the sole issue at trial, and deprived petitioner of his right to due process. The conditional grant of a writ of habeas corpus is affirmed.

Petitioner was prosecuted in state court for breaking and entering a dwelling with intent to commit a felony and involuntary sexual battery. His only defense at trial was insanity. The prosecution rested its case at approximately 4:30 p. m. on the first day of trial. At that time, counsel for petitioner requested a continuance because the petitioner's sole witness, Dr. David Rothenberg, a clinical psychologist, was unavailable to testify. Counsel explained that Dr. Rothenberg had been available up until 4:00 o'clock and would be willing to testify after he finished a therapy group at 10:00 p. m., but he could not come now. To counsel's request for a recess, the judge responded "No way." The following exchange ensued.

The Court: We are taking all the testimony tonight.

Mr. Rubio [petitioner's counsel]: 10:30 is all right, then?

The Court: We have another case that will be tried this week. It will be tried.

Mr. Rubio: I am not so sure that case is going to be tried.

The Court: Or it will close. At any rate, I am assuming it is a jury and we are definitely not recessing this case. Definitely not.

Mr. Rubio: He can't testify until tomorrow.

The Court: That is unfortunate. We are proceeding.

Mr. Rubio: Then, I'd like to make a proffer of what his testimony would have been. He would have testified favorably for the Defense.

He would have testified that Odell Hicks did not know right from wrong or the nature and consequences of his act.

\* \* \* \* \* \*

The Court: We are proceeding.

\* \* \* \* \* \*

Mr. Rubio: We are not going to be allowed to present our Defense, then, with our psychiatrist.

The Court: You can present anything you want. This case announced ready. It's going to trial. It's in trial and it's going forward.

Mr. Rubio: I have done my best. I have done everything I can to get Doctor Rothenberg here.

The Court: What can I tell you? We are going forward.

\* \* \* \* \* \*

Mr. Rubio: Is there any way the Court can require Doctor Rothenberg, then, to appear?

The Court: Isn't he under subpoena?

Mr. Rubio: Yes, he is.

The Court: Why is he refusing?

Mr. Rubio: Because he was available all day and he's got commitments until 10:00 o'clock tonight.

The Court: I would suggest you have your associate telephone him and say he'd best get his way over here.

\* \* \* \* \* \*

We will sit right here. Go use my phone. Go use Peggy's phone.

[Apparently a pause while Mr. Rubio telephoned Dr. Rothenberg.]

Mr. Rubio: Judge, he says that he's for years, on Wednesday nights, he's had—

The Court: I don't care for years.

Mr. Rubio: He says he will be here after the group, which is around 10:00, 10:30.

\* \* \* \* \* \*

The Court: I don't care what he's done for years. This case is proceeding with him or without him . . . .

Petitioner's counsel then made his introductory statement to the jury. Immediately afterwards, he again asked that the case be recessed until he could call the psychologist. The motion was firmly denied. Counsel announced that he would be forced to call petitioner to the stand.

The motion to recess was renewed and denied following petitioner's testimony and again at the close of the prosecution's insanity testimony. All the testimony was taken that night and closing arguments were made. The next morning the jury was instructed and they rendered their guilty verdict. Petitioner's motion for a new trial, which did not raise the issue of a compulsory process or the denial of continuance, was denied.

On direct appeal to the District Court of Appeal of Florida, petitioner asserted, *inter alia*, that the denial by the trial court of a continuance or a recess denied petitioner due process and his right to present a defense under the Sixth Amendment. Petitioner's conviction was affirmed in a per curiam order without opinion.

The identical issue formed the basis of petitioner's petition for a writ of habeas corpus in the district court. The court, over the State's objections that petitioner did not properly raise the issue in the trial court and the proffer by petitioner's counsel was not true, granted the writ without an evidentiary hearing. The State now appeals to this Court.

 The State argues that the constitutional issue presented in the federal court was not raised in the state trial court and therefore petitioner is not entitled to relief because of failure to exhaust state remedies and because he is now barred by the contemporaneous objection rule. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

This argument is based on a mischaracterization of the constitutional claim. The State characterizes the issue as whether the trial court denied petitioner his constitutional right to compulsory process under the Sixth Amendment. The petition in the district court, however, framed the claim as a due process violation, that is, the denial of a continuance violated the right to present a crucial defense witness. While not stated in specific federal constitutional terms, this issue, as shown by the portion of the transcript quoted above, was repeatedly raised by petitioner in the trial court and was specifically relied upon as a basis of error in his direct appeal to the state appellate court. This was sufficient. *See Picard v. Connor*, 404 U.S. 270, 278, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971); *Lamberti v. Wainwright*, 513 F.2d 277, 282 (5th Cir. 1975).

 A motion for continuance is addressed to the sound discretion of the trial court and will not be disturbed on a direct appeal unless there is a showing that there has been an abuse of that discretion. *United States v. Uptain*, 531 F.2d 1281 (5th Cir. 1976); *United States v. Gidley*, 527 F.2d 1345 (5th Cir. 1976), *cert. denied*, 429 U.S. 841, 97 S.Ct. 116, 50 L.Ed.2d 110 (1977). When a denial of a continuance forms a basis of a petition for a writ of habeas corpus, not only must there have been an abuse of discretion but it must have been so arbitrary and fundamentally unfair that it violates constitutional principles of due process. *See Gandy v. Alabama*, 569 F.2d 1318, 1323 (5th Cir. 1978); *Shirley v. North Carolina*, 528 F.2d 819, 822 (4th Cir. 1975).

The Supreme Court addressed this subject in *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964):

The matter of continuance is traditionally within the discretion of the trial

judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied. (Citations omitted.)

When a motion for a continuance for the purpose of securing defense witnesses is denied, our cases have identified the following factors in considering whether denial of the motion was an abuse of the trial court's discretion:

the diligence of the defense in interviewing witnesses and procuring their presence, the probability of procuring their testimony within a reasonable time, the specificity with which the defense is able to describe their expected knowledge or testimony, the degree to which such testimony is expected to be favorable to the accused, and the unique or cumulative nature of the testimony.

*United States v. Uptain,* 531 F.2d at 1287 (footnotes omitted).

■ The record in this case demonstrates that the defense exercised due diligence to obtain the witness's presence. Dr. Rothenberg had interviewed petitioner and had been prepared by the defense to testify. He had been placed under subpoena and had been available to testify earlier in the day. Petitioner's counsel was in telephone contact with him during the trial. The witness's unwillingness to appear when the court was ready to hear his testimony cannot be attributed to the petitioner.

The State faults petitioner for failing to attempt to have the witness testify the next morning. This argument ignores the fact that the proceedings on the second day were after the State and the defense had presented their cases in chief and in rebuttal, and after they had completed their closing arguments. The trial judge may have foreclosed this avenue completely the night before when she ruled, "We are taking all the testimony tonight."

The record also shows that Dr. Rothenberg would have testified within a reasonable time. It was represented to the state court and never controverted that the witness was willing to testify after his group therapy session at 10:00 that evening or at any time thereafter.

The district court found that Dr. Rothenberg would have given substantial and significant testimony in favor of the petitioner. As shown in the proffer by petitioner's counsel, Dr. Rothenberg was prepared to testify that petitioner was insane at the time of the offense for which he was being tried. This proffer was not challenged by the State's attorney. From the opening statement to the jury made by the State's attorney, it is clear that she expected Dr. Rothenberg to so testify. Where insanity was the sole issue at trial, this testimony was plainly substantial and significant.

The State argues, however, that Dr. Rothenberg would not have so testified. This argument is based on a deposition of Dr. Rothenberg taken three months after the trial in which the doctor stated that he had not determined that petitioner was insane at the time of the offense, but only that he had determined that petitioner was incompetent to stand trial. This argument is misleading. The district court found, and the record amply supports the conclusion, that the deposition referred to was taken in another criminal matter in which petitioner was involved. The statement referred to another offense and had nothing to do with this case. The State's argument is squarely rebutted by the affidavits of the doctor and petitioner's trial attorney filed with the district court. The doctor's affidavit specifically states that he was prepared to testify that petitioner was psychotic on the date of the alleged offense and was unable to determine right from wrong or understand the consequences of his actions at that time.

Dr. Rothenberg's testimony was critical. It was, as the district court found, the "only testimony potentially effective to his defense." *United States v. Fessel*, 531 F.2d 1275, 1280 (5th Cir. 1976). Denying petitioner's motion for a continuance for a few hours effectively stripped him of any defense he might have had.

■ The State argues that the district court should have held an evidentiary hearing. An evidentiary hearing is necessary only when facts are at issue. When the only question is legal rather than factual no evidentiary hearing is needed. *Anderson v. Maggio*, 555 F.2d 447 (5th Cir. 1977).

The district court properly balanced the competing interests at stake here and held the right of petitioner to present the witness outweighed any inconvenience that would have been caused by extending the trial by a few hours.

AFFIRMED.