922 F.2d 842
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lonnie WALKER, Defendant-Appellant.
 No. 90-5122.
 United States Court of Appeals, Sixth Circuit.
 Jan. 11, 1991.
 
 Before DAVID A. NELSON, Circuit Judge, and PECK and LIVELY, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 A jury found defendant-appellant Lonnie Walker guilty of two crimes: a violation of 18 U.S.C. Sec. 841(a)(1) (possession of crack cocaine with intent to distribute it) and a violation of 18 U.S.C. Sec. 924(c) (carrying and using a firearm during a drug trafficking offense). Mr. Walker contends on appeal (1) that he was deprived of his Sixth Amendment right to compulsory process when the district court failed to grant him a continuance, sua sponte, to locate a witness; (2) that the district court erred in allowing the prosecution to impeach his credibility by introducing evidence of a prior conviction; and (3) that the performance of his trial counsel was so deficient in certain respects as to have deprived him of the effective assistance of counsel. We find none of these contentions persuasive, and we shall affirm the conviction.
 
 
 2
 Although there was some discussion, both before and during trial, of a missing witness, Mr. Walker's attorney did not request a continuance in order to locate the witness. Under these circumstances, the district court's failure to order a continuance on its own motion could not constitute reversible error unless it amounted to a "plain error," one that "seriously affect[ed] the fairness, integrity, or public reputation" of the trial. United States v. Atkinson, 297 U.S. 157, 160 (1936). No error, plain or otherwise, occurred in this case.
 
 
 3
 In Bennett v. Scroggy, 793 F.2d 772 (6th Cir.1986), we listed the following factors as being among those which appellate courts should consider in determining whether a trial court's denial of an actual motion for a continuance has deprived a defendant of his right to compulsory process:
 
 
 4
 "the diligence of the defense in interviewing witnesses and procuring their presence, the probability of procuring their testimony within a reasonable time, the specificity with which the defense is able to describe their expected knowledge or testimony, the degree to which such testimony is expected to be helpful to the accused, and the unique or cumulative nature of the testimony." Id. at 774 (quoting Hicks v. Wainwright, 633 F.2d 1146, 1149 (5th Cir.1981).
 
 
 5
 Mr. Walker has not shown that even one of these factors militates in his favor here.
 
 
 6
 At a status conference four days prior to trial, the trial judge asked if there were any witnesses Mr. Walker wished to subpoena. Mr. Walker said that he wanted to subpoena the woman who was with him at the time of his arrest. The woman turned out to be Walker's niece, Verlita White. Defense counsel informed the judge that he was not able to subpoena Ms. White because he did not know her address.
 
 
 7
 The trial began without Ms. White. At the end of the first session the judge asked Mr. Walker, his mother, Ms. White's mother, and defense counsel about Ms. White's whereabouts. None of them knew where she was, and defense counsel stated that he had no idea what Ms. White's testimony would be. Because no one associated with Mr. Walker's defense could offer any information about Ms. White, or state how her testimony would be helpful, the district court's failure to grant a continuance sua sponte was no error at all, let alone one seriously affecting the fairness or integrity of the trial.
 
 
 8
 We turn next to the contention that the prosecution's use of Mr. Walker's prior conviction for impeachment purposes violated the legislative intent behind Federal Rule of Evidence 609. Although Mr. Walker concedes that the government's use of the prior conviction conformed to the requirements stated in Rule 609, he argues that because the prior crime did not involve dishonesty, its use violated a legislative intent manifested in a certain Senate Judiciary Committee report. The version of Rule 609 advocated by the committee was never adopted, however, so even if resort to the legislative history might otherwise have been proper--a question on which we express no opinion--the thoughts of the committee or its staff are obviously irrelevant in the present context.
 
 
 9
 As to the claim that Mr. Walker was denied the effective assistance of counsel, it does not appear that the claim was ever presented to the district court. This court "will not review ineffective assistance of counsel claims raised for the first time on appeal." United States v. Swidan, 888 F.2d 1076, 1080 (6th Cir.1989).
 
 
 10
 AFFIRMED.