**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 29 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RALPH HERNANDEZ,

     Petitioner - Appellant,

vs.

RONALD LYTLE, Warden, Southern
New Mexico Correctional Facility and
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

     Respondents - Appellees.

No. 98-2104
(D.C. No. CIV-97-404-JC)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **KELLY**, and **HENRY**, Circuit Judges.

     Mr. Hernandez appeals from the dismissal of his habeas petition, 28 U.S.C.

§ 2254. He sought habeas relief on fifteen grounds; the magistrate judge

recommended that the petition be dismissed with prejudice and the district court

adopted that recommendation. We granted Mr. Hernandez a certificate of

appealability on the issues of whether he was denied a fair trial when the trial

court denied his motion for a continuance, and whether he received ineffective

---

     [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

assistance of counsel.  We also appointed counsel. [1]  After careful review of the parties' able submissions, we affirm.

## Background

The complex facts of this case are well documented in the New Mexico Supreme Court's disposition of Mr. Hernandez's direct appeal, State v. Hernandez , 846 P.2d 312 (N.M. 1993).  Thus, we will give only an abbreviated version.  Mr. Hernandez was convicted after a jury trial of first degree felony murder, aggravated burglary, attempted robbery, and battery in connection with the beating and suffocation of an elderly woman during the robbery of her apartment.  He was sentenced to life imprisonment plus eleven years.

Mr. Hernandez had appointed counsel through the public defender department's contract attorney system.  His case was originally scheduled for trial in April 1990, but was continued to allow both sides further time to process scientific evidence.  Trial was set for May 22, 1990, but was continued on a defense motion alleging delay in obtaining funds from the state public defender's office to hire an investigator.  Trial was rescheduled for August 1990, but was again continued based on a defense motion claiming the need for additional time

---

[1]Appointed counsel is to be commended for his vigorous representation of Petitioner, and thorough preparation and presentation of the issues.

to prepare the case and to obtain expert witnesses. Trial was reset for October 29, 1990.

Five days before trial, Mr. Hernandez's counsel again moved for a continuance, arguing that his expert needed more time to analyze the scientific evidence, and that he had only recently received funding from the public defender's office to pay for the expert's services. After the trial court rejected his motion, counsel renewed his motion on October 26, 1990, reciting more fully the reasons he believed a continuance was necessary to enable Mr. Hernandez to receive a fair trial.

The trial court again denied Mr. Hernandez's motion for a continuance, and the trial began as scheduled on October 29, 1990. Following a trial in which 34 witnesses were called, including nine for the defense, Mr. Hernandez was convicted.

## A. Denial of Motion for Continuance

After a thorough review of the record, the New Mexico Supreme Court determined that the trial court did not abuse its discretion when it denied Mr. Hernandez's October 24, 1990 motion for continuance, Hernandez , 846 P.2d at 322, and notwithstanding the denial of a continuance, an adequate defense was presented. Id. at 320.

Mr. Hernandez's petition for a writ of habeas corpus was filed after the

effective date of the Antiterrorism and Effective Death Penalty Act. Therefore, when we review the state court's determination, we may not overturn it unless its adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d). To prevail, Mr. Hernandez must convince us that the New Mexico Supreme Court's resolution of the continuance issue was not within the range of reasonable outcomes given the facts and the law. See Brown v. O'Dea , 187 F.3d 572, 580 (6th Cir. 1999).

When denial of a continuance is asserted as the basis for a habeas petition, the petitioner must show that not only was the denial an abuse of discretion, but also that the denial was " 'so arbitrary and fundamentally unfair that it violates constitutional principles of due process.' " Case v. Mondragon , 887 F.2d 1388, 1396 (10th Cir. 1989) (quoting Hicks v. Wainwright , 633 F.2d 1146, 1148 (5th Cir. 1981)). The denial also must have "materially prejudiced the [defendant]." United States v. West , 828 F.2d 1468, 1469 (10th Cir. 1987).

While there is no mechanical test to determine whether denial of a motion for continuance is so arbitrary as to violate due process, see id. at 1470, we have set forth several factors to be considered. See Scott v. Roberts , 975 F.2d 1473,

1476 (10th Cir. 1992). These factors include: (1) the diligence of the movant; (2) the likelihood that the purpose underlying the expressed need for the continuance would be accomplished by granting it; (3) the inconvenience likely to be suffered by the opposing party, its witnesses, and the court by granting it; and (4) the reason asserted for the continuance and the harm the movant might suffer as the result of a denial. Id. (citing West, 828 F.2d at 1470). Given these factors, we cannot conclude that habeas relief is warranted based upon a violation of Mr. Hernandez's due process rights.

Mr. Hernandez's counsel moved the court for a continuance five days prior to trial, claiming that he needed additional time to allow his forensic pathologist to examine evidence, to secure a hair identification expert, to locate certain alibi witnesses, and because he was unprepared and needed assistance from an experienced co-counsel. The record shows a lack of diligence on the part of counsel to obtain these experts or otherwise prepare himself for trial. Counsel began representing Mr. Hernandez almost one full year before the scheduled trial date. During that time, he delayed in attempting to secure experts and funding for those experts, and in familiarizing himself with the scientific aspects of the case.

This continuance would have been Mr. Hernandez's third. The trial court ruled that it could not grant yet another continuance when it took into account the

inconvenience to both the witnesses and the prosecution of rescheduling the proceedings a third time. Additionally, the trial court legitimately was concerned about the impact of another continuance on the victim's family.

Although a continuance would have at least potentially enabled Mr. Hernandez's counsel to line up experts to evaluate the scientific evidence, its denial does not translate into a violation of Mr. Hernandez's due process rights. Given all of the trial evidence, Mr. Hernandez overstates the extent to which the state relied on scientific evidence in proving its case, as well as the likely impact a blood spatter expert could provide. Nor are other reasons offered in support of a continuance persuasive. Thus, we conclude that the New Mexico Supreme Court's resolution of this issue was not unreasonable, and that the failure to grant the continuance does not warrant habeas relief.

B. <u>Ineffective Assistance of Counsel Claim</u>

Mr. Hernandez contends that his trial attorney was constitutionally ineffective in several respects. He argues that counsel inexcusably failed to present expert forensic, hair, and fingerprint evidence. In addition, he cites his counsel's admitted lack of preparedness.

To establish a claim of ineffective assistance of counsel, appellant must show both that his counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced his defense.

See Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove prejudice, he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Rogers v. United States, 91 F.3d 1388, 1392 (10th Cir.1996) (citations and quotations omitted).

After a thorough review of the record, the New Mexico Supreme Court concluded that Mr. Hernandez had failed to meet the second prong of the Strickland test, demonstration of prejudice. Hernandez, 846 P.2d at 322-24. As discussed previously, we must determine if the state court decision was contrary to Supreme Court precedent or was based on an unreasonable determination of the facts. 28 U.S.C. §2254 (d)(1) and (2). The mere fact that we disagree with a state court's analysis or that we would reach a different result if evaluating the evidence on our own does not empower us to grant the writ. See Matteo v. Superintendent, Sci Albion, 171 F.3d 877, 890 (3d Cir. 1999). Because we are convinced that the New Mexico Supreme Court's decision was not improper under the above standard, we do not grant habeas relief.

We note at the outset that in reaching its decision based on the second prong of Strickland, the state supreme court never ruled on the first prong (whether counsel's performance fell below an objective standard of

reasonableness.)  Looking at the second prong first is commonly done.  <u>See</u>

<u>Strickland</u> , 466 U.S. at 697.  We wish to emphasize that in upholding the state

supreme court's denial of Mr. Hernandez's ineffective assistance of counsel

claim we are in no way condoning trial counsel's lack of preparation in certain

areas.  Trial counsel's inadequate preparation in these areas was a disservice to

his client and implicates N.M.R. Prof. Conduct 16-101, a mandatory duty of

competent representation, which "requires the legal knowledge, skill,

thoroughness and  **preparation**  reasonably necessary for the representation."  2

N.M.R. Ann. § 16-101 (Michie 2000) (emphasis added).  Nonetheless, we cannot

say that the New Mexico Supreme Court could not reasonably find a lack of

prejudice.

Mr. Hernandez does not persuade us of a reasonable probability that the

result of the trial would have been different when viewed against the backdrop of

the state supreme court's step-by-step analysis of why it would not.  We cannot

say that this analysis was based on an unreasonable determination of the facts or

an unreasonable application of the law.  Based on the nature of the evidence

against him, neither a forensics expert nor a fingerprint expert would likely have

been of much service to Mr. Hernandez.  <u>See</u> <u>Hernandez</u> , 846 P.2d at 323-24.

Nor does Mr. Hernandez show how a hair expert would have called into further

question the analysis of the state's reputable and experienced hair expert.

Additionally, strong evidence against Mr. Hernandez was offered by a witness who testified that Mr. Hernandez confessed committing the murder to him. This witness was able to provide details about the crime that had not been released to the public. Mr. Hernandez's counsel competently cross-examined this witness and offered witnesses to question his credibility. Finally, the New Mexico Supreme Court determined that counsel's performance at trial belied his professed lack of preparation, finding that his numerous motions were germane and his examination of witnesses was competent and professional.

C. Evidentiary Hearing

Alternatively, Mr. Hernandez seeks an evidentiary hearing to demonstrate the prejudice he suffered as a result of the trial court's denial of his motion for continuance. He contends that the hearing would allow him to show, among other things, the shortcomings of hair analysis, the difficulties trial counsel had in obtaining funding for experts, and how overworked counsel was at the time of the trial. Aplt. Br. at 33-37. However, viewing the record in its entirety, this evidence would be largely cumulative. The issues raised were properly resolved on the basis of the record and the law and, as such, an evidentiary hearing is not required. See Castro v. Ward, 138 F.3d 810, 832 (10th Cir. 1998).

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge