JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, K.W., a juvenile, appeals his conviction for aggravated burglary. Defendant, a fifteen-year-old boy, was with a group of ten to twelve children who had trespassed onto a fenced back yard, where they were jumping on the trampoline. The boy who lived in the house where the trampoline was located chased them away, but they returned. He chased them away again, and again they returned. He also repeatedly paged and called his mother and uncle for help. After he chased them away a third time, he noticed that one of the girls had left her purse by the trampoline. He took the purse back into the house with him, to prove to his mother, he said, that someone had been there.
 {¶ 2} When the girl returned shortly thereafter, she noticed her purse was gone and started yelling for it. Banging on the door of the house, she continued to yell to the boy inside to return the purse, but he did not respond.
 {¶ 3} The boy in the house stated that defendant knocked a fan out of a window in the back of the house and that the boy quickly closed and locked the window after the fan fell. He stated that defendant then kicked in the door, held a handgun three inches from his face, and demanded the purse. According to the boy who lived in the house, his dog then barked and scared off defendant. Defendant was taken into custody a few blocks away. When the police patted defendant down, they found an air gun in his pocket. The officer testified that the BB type air gun closely resembled a hand gun.
 {¶ 4} Defendant was brought to an adjudicatory hearing in juvenile court on October 29, 2001. Before the hearing started, defense counsel requested a continuance because the subpoenas she had filed with the clerk's office on October 16th had not been served. The discussion of the situation follows:
 {¶ 5} "DEFENSE COUNSEL: I had filed three subpoenas for witnesses on October 16th. I've attempted to contact these witnesses as well. These subpoenas have not gone out. I'm not sure why. I filed them and they were correctly filled out, but for some reason the clerk's office did not send them out. I was informed that a lot of these people would not come without the actual subpoena because they had — they have other responsibilities that they can't get out of without an actual subpoena."
 {¶ 6} THE COURT: Well I could have done something if you'd have brought that to my attention last week. I can't do it right now."
 {¶ 7} DEFENSE COUNSEL: "Your Honor, I just — I became aware of it today. I wasn't — I thought that they would receive the subpoenas by now."
 {¶ 8} THE COURT: "I understand, but you can't wait until an hour after the trial or forty-five (45) minutes after the trial is supposed to start and let me know about something like that. You've got to check those things earlier and let me know."
 {¶ 9} "* * *
 {¶ 10} DEFENSE COUNSEL: "Your Honor, I don't have a problem with going forward with — you know, with the State's case at least. I would just ask a continuance for my case."
 {¶ 11} THE COURT: "Well I'm afraid I can't do that for you."
 {¶ 12} DEFENSE COUNSEL: "Okay." Tr. at 2-3.
 {¶ 13} At the close of the state's case, defense counsel again asked for a continuance so the subpoenas could be served. The discussion on the record was as follows:
 {¶ 14} DEFENSE COUNSEL: "I would like to request a continuance. For the record, I have subpoenaed Janet Williams, Joyce Williams and Keava Reeve. I have these subpoenas as stamped on October 16th. It would have given the Court plenty of time to have these subpoenas sent out. They have not been sent out. I did not get a hold of the file. I've not been able — they've not returned my phone calls. I was only able to get a hold of the court file today and discover that in fact none of the subpoenas have gone out, but because of the Court — the clerk's office. On that basis, Your Honor, I would request a continuance."
 {¶ 15} THE COURT: "Well I understand your frustration, but I reiterate that this is something that really should have been checked into last week to see if you had your witnesses ready to come, and I'm not going to continue this matter at this point. So I'll have to overrule that request."
 {¶ 16} DEFENSE COUNSEL: "Okay."
 {¶ 17} The defense then proceeded to put on its case with defendant as the only witness. Defendant's testimony conflicts in several significant areas with the previous testimony. He testified that he had not entered the boy's yard, but had been standing there watching the other children going back and forth into the yard. He stated that the boy in the house had come out with a baseball bat and threatened the children two of the three times the boy came out to chase them away. Defendant's testimony agreed with the boy's in that defendant saw the boy take the girl's purse into his house, saw the girl knock on the door, and saw that the boy would not answer the door.
 {¶ 18} Defendant stated, however, that the girl had broken in the door. He also stated that he had seen the boy's dog in the yard but that the dog would not have intimidated him. The officer who responded to the scene noted that a baseball bat was sitting on the floor right inside the door.
 {¶ 19} The court found defendant delinquent on the charge, and he appealed, stating two assignments of error. For his first assignment of error, defendant states:
 {¶ 20} "I. The juvenile court violated appellant's due process rights when it denied him the right to properly subpoenaed witnesses."
 {¶ 21} Defendant argues that his constitutional right to due process was violated because, through no fault of his own, the clerk's office failed to serve his properly filed subpoenas on his defense witnesses. The right to compel witnesses to testify in defendant's favor is one of the basic constitutional rights. A trial court has broad discretion to grant or deny a continuance.
 {¶ 22} In a similar case affirming a trial court's denial of a continuance to obtain a witness, the Ohio Supreme Court stated, "The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge. State v. Unger (1981),67 Ohio St.2d 65, 21 O.O.3d 41, 423 N.E.2d 1078, paragraph one of the syllabus.
 {¶ 23} "The record is undisputed that the defendant was aware of Joseph Cacioppo as a potential witness, but defendant failed to subpoena him for the trial. The record also reveals the trial court had previously continued the trial for nearly one month at the request of the defendant.
 {¶ 24} "A court may not refuse to grant a reasonable recess for the purpose of obtaining defense witnesses when it has been shown that the desired testimony would be relevant and material to the defense. See Hicks v. Wainwright (C.A. 5, 1981), 633 F.2d 1146.
 {¶ 25} "Defense counsel failed to proffer to the trial court what the desired testimony of Cacioppo was and how it would have been relevant and material to the defense. Evid. R. 103(A)(2) requires an offer of proof in order to preserve any error in excluding evidence, unless the excluded evidence is apparent in the record. The defendant has failed to demonstrate how he was prejudiced by the trial court's denial of his continuance." State v. Brooks (1989), 44 Ohio St.3d 185, 195.
 {¶ 26} Judge Fain from the Second Appellate District further explained, "Unless a defendant can show that the trial court abused its discretion, meaning that the trial court committed more than an error of law or judgment and that the attitude of the trial court was, in fact, unreasonable, arbitrary, or unconscionable, a reviewing court will not reverse the denial of a motion for a continuance. Ungar v. Sarafite
(1964), 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921, 931; Statev. Powell (1990), 49 Ohio St.3d 255, 259, 552 N.E.2d 191, 196-197; Statev. Unger (1981), 67 Ohio St.2d 65, 67, 21 Ohio Op.3d 41, 43,423 N.E.2d 1078, 1080. In Ungar, the United States Supreme Court wrote:
 {¶ 27} "`The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is made.' (* * * citations omitted.) Ungar at 589, 84 S.Ct. at 849-850,11 L.Ed.2d at 931.
 {¶ 28} "The Ohio Supreme Court has adopted and followed a balancing test from Unger that requires a `reviewing court to weigh potential prejudice against '"a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice."' Powell, 49 Ohio St.3d at 259, 552 N.E.2d at 196, citingUnger, 67 Ohio St.2d at 67, 21 Ohio Op.2d at 43, 423 N.E.2d at 1080. InPowell, the Supreme Court listed relevant factors to be considered: (1) length of delay sought, (2) previous continuances sought or granted, (3) inconvenience to all involved, (4) legitimacy of reason for delay, and (5) whether the defendant had caused the delay. Id." State v. Stevens,
(April 3, 1998), Clark App. No. 16509.
 {¶ 29} In the case at bar, it was the clerk's office and not defense counsel who failed to serve the subpoenas. Defense counsel followed Juv.R. 17(C), which states in pertinent part that "[a] subpoena may be served by a * * * clerk of court." Defense counsel failed, however, to state on the record the substance of the desired testimony and why these witnesses were material. Moreover, in the case at bar, defendant did not alert the court to a service problem until the trial was about to begin.
 {¶ 30} In a case with facts on point with the case at bar, the Second District held that "`* * * in order to establish a violation of his Sixth Amendment rights to confront the witnesses against him or to have compulsory process to obtain witnesses in his favor, [a defendant] must demonstrate that he was deprived of testimony that would have aided him in his defense.'" State v. Kreuzer, (Aug. 6, 1999), Greene App. No. 98-CA-100, quoting State v. Morgan, (May 28, 1987) Clark App. No. 2294. In Kreuzer, because the defendant failed to indicate why the witnesses were necessary, the court found that the trial court did not err in failing to assist him in compelling the clerk's office serve the subpoenas.
 {¶ 31} Appellate courts have held that a trial court erred in denying a continuance for procuring a witness, but those instances are limited. For example, in State v. Swalcy, (Dec. 11, 1998), Portage App. No. 97-P-0075, the trial court was reversed because the defense was prevented from subpoening his witnesses in time for trial, the case having been transferred to another judge who failed to comply with the timing agreement promised by the previous judge. The Ninth Appellate District found the "[t]trial judge erred in refusing to grant the Defendant a reasonable continuance made during trial to enforce the attendance of a defense witness under subpoena and, as a result, the judge abused his discretion, causing substantial prejudice to the Defendant's case, and the denial of a reasonable continuance under these circumstances also deprived the Defendant of his right to due process of law." Nonetheless, the court held that because "there was no ascertainable time frame within which the court could be assured" the witness could be found, and "there is no indication that the content of her testimony would have differed from the other eyewitnesses." the court did not abuse its discretion in refusing a continuance. The court explained that if the witnesses could have been located in a reasonable amount of time, however, the court's refusal to grant a continuance would have been an abuse of discretion. If, on the other hand, the trial would have been indeterminately delayed by searching for them, the refusal was not an abuse discretion. State v.Gilliam, (Aug. 12, 1998) Lorain App. No. 97CA006757. See also In Re: SeanEubanks (Aug. 9, 2001), Cuyahoga App. No. 79117.
 {¶ 32} The Ohio Supreme Court has specified two limitations to which "a defendant's right to compel production of witnesses is subject: First, the defendant must be able to identify the witness and his location with reasonable certainty. * * * Second, the defendant must clearly proffer proof that the witness's testimony is material to the defense." State v. Green, (June 22, 1998), Stark App. No. 1997CA00382, citing Lancaster v. Green (1963), 175 Ohio St. 203. A court refusing to grant a continuance in these circumstances is equivalent to denying the right to compel witnesses. On the other hand, the court does not err if defendant fails to show on the record why the testimony of these witnesses is material to his defense.
 {¶ 33} In the case at bar, defense counsel provided no explanation of why these witnesses were material, nor did she give any indication what she expected their testimony to say. Because defense counsel failed to ask the court for assistance in a timely manner and to proffer any proof of materiality when she objected to the court's refusal for continuance so that the subpoenas could be served on her witnesses, we affirm the trial court. The first assignment of error is overruled.
 {¶ 34} For his second assignment of error, defendant states:
 {¶ 35} "II. The adjudication of the juvenile court judge was against the manifest weight of the evidence, since no reasonable trier of fact could believe that the state had proven its case beyond a reasonable doubt."
 {¶ 36} A reviewing court will reverse on manifest weight only if it finds that the trier of fact lost its way in assessing conflicts in the evidence, and those conflicts create such a manifest miscarriage of justice that it requires a new trial. State v. Tibbs (1982), 457 U.S. 31. Even if the court finds that the state presented sufficient evidence to support the conviction, it may still conclude that the manifest weight of the evidence does not support the conviction. State v. Thompkins (1997),78 Ohio St.3d 380. A new trial should be granted, however, only in exceptional cases where the evidence weighs heavily against a conviction. State v. Martin (1983), 20 Ohio App.3d 172.
 {¶ 37} Defendant argues that the state's primary witness, the boy in the house, was not a credible witness because he had already stolen the girl's purse and was trying to deflect negative attention from himself to defendant. The evidence here is essentially a "swearing contest" between the defendant and the boy who lived in the house. Although neither boy's testimony strikes this court as totally credible, the credibility of witnesses is the domain of the trier of fact, who can see their demeanor and determine their veracity in person. State v.DeHass (1967), 10 Ohio St.2d 230. The court's finding of delinquency is not against the manifest weight of the evidence. The trial court's decision will not be overturned absent a clear manifest injustice.
 {¶ 38} The second assignment of error is overruled.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Juvenile Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., CONCURS IN JUDGMENT ONLY; FRANK D. CELEBREZZE, JR., J., CONCURS.