[Cite as *In re P.D.R.*, 2011-Ohio-1036.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN THE MATTER OF: P.D.R. | : | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
|  | : |  |
|  | : | Case No. 2010-CA-00268 |
|  | : |  |
|  | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Civil appeal from the Stark County Court of
Common Pleas, Juvenile Division, Case
Nos. 2010JCR366 & 2010JCR00781

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    March 7, 2011

APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
PROSECUTING ATTORNEY
By: Kathleen O. Tatarsky
110 Central Plaza S., Ste. 510
Canton, OH 44702-0049

For Defendant-Appellant

ALLYSON J. BLAKE
122 Central Plaza North
Suite 101
Canton, OH 44702

*Gwin, P.J.*

{¶1} Defendant-appellant P.D.R., a juvenile, appeals the judgment of the Stark County Court of Common Pleas, Juvenile Division, adjudicating her a delinquent child by reason of having committed the offenses of assault, and two counts of disorderly conduct[1].

STATEMENT OF THE FACTS AND CASE

{¶2} On February 20, 2010, a complaint was filed in Case No. 2010JCR00366 against the appellant, P.D.R., age 17, charging her with assault a misdemeanor of the first degree in violation of R.C. 2903.13, resisting arrest, a misdemeanor of the second degree in violation of R.C. 2921.33 and disorderly conduct, a misdemeanor of the fourth degree in violation of R.C. 2917.11(A). In April 2010, an additional complaint was filed in Case No. 2010JCR00781 against appellant for assault. All charges stemmed from the same incident and were combined for judicial economy, by Judgment Entry filed April 30, 2010.

{¶3} By Judgment Entry filed April 30, 2010, appellant's case was scheduled for trial on May 18, 2010. However, due to a medical emergency involving defense counsel, appellant's trial was continued until May 28, 2010.

{¶4} On May 21, 2010, retained counsel filed his notice of appearance and a request to continue the trial date. Counsel requested a continuance because he needed additional time to prepare and further requested a pre-trial conference be scheduled in an attempt to resolve the cases. The trial court granted counsel's request

---

[1] One count of disorderly conduct related to Case No 2010CR00366; the other count related to Case No. 2010JR00781.

and scheduled a pre-trial conference for July 1, 2010. By Judgment Entry filed July 2, 2010 the court scheduled appellant's trial to commence on July 16, 2010.

{¶5} On July 15, 2010, the state requested a continuance due to the unavailability of the alleged victim. By Judgment Entry filed July 15, 2010, the trial court re-scheduled appellant's trial for July 22, 2010.

{¶6} The events that give rise to this appeal are as follows.

{¶7} Canton Police Officer Anthony Ankrom was working the afternoon shift on February 20, 2010 when he was dispatched to the scene of the McKinley-Glen Oak basketball game at the Canton Civic Center. He parked his patrol car in front of the building and was taking a report from a female who was complaining of an earlier assault. The female was in the back seat of the patrol car. A friend of the female was standing outside the patrol car holding the female's toddler on her hip.

{¶8} Officer Ankrom was told by the friend that appellant was approaching her and that she thought appellant was going to assault her. When Officer Ankrom saw the appellant approaching the victim, he rolled down the window of his patrol car and told appellant to "get away from her." Appellant continued to approach the victim, who was holding the toddler and struck her in the face, hitting her ear. The toddler began crying. Officer Ankrom got out of his patrol car, went over to appellant and told her to "get over there." Instead of complying, appellant sprinted back towards the victim and shoved her. Officer Ankrom wrestled appellant to the ground, handcuffed her and arrested her. Appellant was still verbally abusing the victim until she was told by Officer Ankrom to stop or more charges would be lodged against her.

{¶9} Appellant was charged with assault, resisting arrest and disorderly conduct. She was taken to Faircrest Attention Center and released three days later.

{¶10} When injuries to the toddler were discovered later that day, including bruising and swelling to her eye, an additional charge of assault was lodged against appellant.

{¶11} At trial, appellant admitted to the assault on the victim claiming it was prompted by a call she received earlier that evening that her sister had been assaulted in the bathroom during halftime. Appellant admitted to hitting the victim but claimed it was done because she thought the victim had assaulted her sister. She denied, however, hitting the toddler who was in the arms of the victim at the time of the assault.

{¶12} At the conclusion of the evidence, the magistrate found appellant guilty of resisting arrest, assault on one of the victims and disorderly conduct. The magistrate, however, found appellant not guilty of the offense of assault as to the toddler victim but guilty of the lesser-included offense of disorderly conduct. As to the not guilty finding, the Magistrate explained she did not find the element of "knowing" necessary for the assault offense.

{¶13} Appellant was sentenced to fifteen days in jail for the assault, disorderly conduct and resisting arrest with ten days suspended and credit for three days at Faircrest Detention Center. As to the disorderly conduct charge for the toddler victim, appellant was ordered to pay restitution.

{¶14} Appellant was reminded at the close of the trial to file objections to the Magistrate's report if she wished to appeal.

{¶15} Appellant has timely appealed raising the following assignments of error:

**{¶16}** "I. APPELLANT WAS DENTED HER DUE PROCESS RIGHTS WHEN THE COURT GRANTED THE STATE'S MOTION TO CONTINUE WHEN THE APPELLANT AND HER COUNSEL HAD NEVER BEEN PROPERLY SERVED WITH SAID MOTION AND HAD NO PRIOR NOTICE OF THE TRIAL DATE.

**{¶17}** "II. THE MAGISTRATE COMMITTED PLAIN ERROR IN PROCEEDING WITH THE TRIAL OF APPELLANT WHEN NEITHER DEFENSE COUNSEL NOR APPELLANT HAD PROPER NOTICE OF THE TRIAL DATE.

**{¶18}** "III. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL."

I.& II.

**{¶19}** At the outset, we note that appellant did not object to the decision of the Magistrate nor did she request Findings of Fact and Conclusions of Law from the trial court. Further, appellant failed to file the transcript of the proceedings with the trial court prior to the trial judge accepting the magistrate's recommendation.

**{¶20}** Juv.R. 40(E) (3) (b) provides: " * * * A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."

**{¶21}** In appellant's Third Assignment of Error, infra, appellant argues that, trial counsel was ineffective for failing to file objections to the decision of the magistrate, and further that the magistrate's failure to grant a continuance rises to the level of plain error.

**{¶22}** In *In re: Comer* (Sept. 23, 1997), 10th Dist. No. 96 APF11-1571, the court faced a similar situation and therein noted: "[a]ppellant's effort to show that the trial

judge would have found in his favor but for the errors would be thwarted by the fact that appellant failed to make the transcript of the proceedings before the magistrate part of the record in the trial court ... This court generally will not consider evidence not part of the record before the trial court.  We do so in this case for two reasons.

**{¶23}** "First, we presume that the failure to file a transcript for review by the trial judge is associated with the failure to request findings of fact and the failure to object to the magistrate's report.

**{¶24}** "Second, because of the nature of the alleged errors, it would be impossible to apply the second prong of the *Strickland* test without considering the evidence presented to the magistrate.  A somewhat similar situation was presented in *In re: Raymond R.* (Oct. 25, 1996), Erie App. No. E-96-022, unreported.  In *Raymond R.*, the juvenile court adopted the magistrate's recommendation that the appellant be adjudicated a delinquent child for committing what would have been the crime of rape if committed by an adult.  On appeal, the appellant alleged error based on the weight of the evidence and ineffective assistance of counsel for counsel's failure to timely file objections to the magistrate's decision.  After deciding that the judgment was not contrary to the manifest weight of the evidence, the court of appeals noted that failure to file the objections timely did not work to the appellant's prejudice because the only argument raised in the objections was the weight of the evidence, which the court of appeals was rejecting.  Just as the court in *Raymond R.* looked beyond the record to the untimely objections for the purpose of determining whether appellant was prejudiced by counsel's failures, we have examined the evidence presented to the magistrate, the trial transcript and exhibits, despite the fact that they were not available

to the trial judge." See also, *In re: Oliver*, Licking App. No.2005-CA-40, 2005-Ohio-5792.

**{¶25}** "[A]n appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus* (May 24, 2010), 560 U.S. __, 2010 WL 2025203 at 4. (Internal quotation marks and citations omitted). See also, *In re Lemon,* Stark App. No.2002 CA 00098, 2002-Ohio-6263 at ¶29.

**{¶26}** In the interest of justice, this court will examine the evidence presented to the magistrate, the trial transcript and exhibits, despite the fact that they were not available to the trial judge. *In re: Oliver,* supra at ¶24.

**{¶27}** In her First Assignment of Error appellant maintains she was denied due process of law by the magistrate's failure to grant her trial counsel a continuance upon the ground that he was not prepared to go forward with her trial because he did not receive notice of the re-scheduled trial date. In her Second Assignment of Error appellant contends that the magistrate committed plain error in proceeding with the trial of appellant when neither defense counsel nor appellant had proper notice of the trial date.

**{¶28}** The basic requirements of procedural due process are stated as follows:

**{¶29}** "A fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' *Armstrong v. Manzo* (1965), 380 U.S. 545, 552 * * *. As the Supreme Court of Ohio has stated in *Williams v. Dollison* (1980), 62 Ohio St.2d 297 * * *, 'due process of law implies, in its most comprehensive sense, the right of the person affected (* * *) to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved.' * * *" (Citation omitted.) *Schoettle v. Bering* (Apr. 22, 1996), Brown App. No. CA95-07-011 at 8.

**{¶30}** In the case at bar, the magistrate continued appellant's portion of the case to allow her counsel time to subpoena witnesses and prepare her defense. Counsel called the investigator who had worked on the case to impeach Kara Garner and Ashley Hardy. The magistrate allowed appellant to question the investigator concerning statements Ms. Garner and Ms. Hardy had made which differed from their testimony at trial. (2T. at 4; 6-7).

**{¶31}** Both appellant and her trial counsel were present and participated in both phases of the trial. Additionally appellant failed to proffer the identity of any witness other than the investigator who, as previously noted was permitted to offer impeachment evidence over the state's objections. In addition, appellant's trial counsel conceded appellant struck Ashley and that appellant was only contesting the assault charge concerning the toddler. (T. at 6; 9-10; 14; 15; 20-22). Appellant was found not delinquent by virtue of the assault of the child, but delinquent by virtue of the lesser included offense of disorderly conduct pursuant to R.C. 2917.11(A)(5). (2T. at 24-25). R.C. 2917.11, provides in relevant part,

{¶32} "A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:

{¶33} "* * *

{¶34} "(5) Creating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful and reasonable purpose of the offender."

{¶35} Appellant does not contest that finding on appeal.

{¶36} There is no question that appellant in the instant case had actual notice of the proceedings, appeared, defended, and was given a full opportunity to be heard. Appellant does not argue that she was unaware of the nature of the proceedings. Further, appellant was represented by counsel throughout the proceedings. See, *Ross v. Saros,* 99 Ohio St.3d 412, 792 N.E.2d 1126, 2003-Ohio-4128 at ¶17.

{¶37} Accordingly, we find that appellant received all the process to which she was entitled and was not denied her due process rights. Traditional notions of fair play and substantial justice were not offended by the procedure employed by the magistrate which allowed defense counsel additional time to present prepare and present appellant's defense. Appellant cannot point with any specificity to any prejudice she suffered as a result of the conduct of her trial.

{¶38} Nor do we find error in the trial court's denial of appellant's request for a continuance. Ordinarily a reviewing court analyzes a denial of a continuance in terms of whether the court has abused its discretion. *Ungar v. Sarafite* (1964), 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921. If, however, the denial of a continuance is directly linked to the deprivation of a specific constitutional right, some courts analyze the

denial in terms of whether there has been a denial of due process. *Bennett v. Scroggy* (6th Cir.1986), 793 F.2d 772. A defendant has an absolute right to prepare an adequate defense under the Sixth Amendment of the United States Constitution and a right to due process under the Fifth and Fourteenth Amendments. *United States v. Crossley* (6th Cir.2000), 224 F.3d 847, 854. The United States Supreme Court has recognized that the right to offer the testimony of witnesses and compel their attendance is constitutionally protected. *Washington v. Texas* (1967), 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019. The Ohio Supreme Court recognized that the right to present a witness to establish a defense is a fundamental element of due process of law. *Lakewood v. Papadelis* (1987), 32 Ohio St.3d 1, 4-5, 511 N.E.2d 1138. A trial court's failure to grant a continuance to enable a defendant to exercise his constitutionally protected right to offer the testimony of witnesses and compel their attendance may, in some circumstances, constitute a denial of due process. *Mackey v. Dutton* (6th Cir.2000), 217 F.3d 399, 408; *Bennett v. Scroggy*, supra, 793 F.2d at 774. See also, *State v. Wheat*, Licking App. No. 2003-CA-00057, 2004-Ohio-2088 at ¶ 16.

{¶39} Among the factors to be considered by the court in determining whether the continuance was properly denied are: (1) the length of the requested delay, (2) whether other continuances had been requested and granted, (3) the convenience or inconvenience to the parties, witnesses, counsel and court, (4) whether the delay was for legitimate reasons or whether it was "dilatory, purposeful or contrived", (5) whether the defendant contributed to the circumstances giving rise to the request, (6) whether denying the continuance will result in an identifiable prejudice to the defendant's case,

and (7) the complexity of the case. *Powell v. Collins* (6th Cir.2003), 332 F.3d 376, 396; *State v. Unger* (1981), 67 Ohio St.2d 65, 67-68, 423 N.E.2d 1078, 1080; *State v. Wheat*, supra at ¶ 17.

{¶40} On a petition for habeas corpus relief, the federal courts have enumerated a slightly different set of factors that a reviewing court should consider in determining whether an accused was deprived of his rights to compulsory process and due process of law by denial of a motion for continuance: "[1] the diligence of the defense in interviewing witnesses and procuring their testimony within a reasonable time, [2] the specificity with which the defense is able to describe their expected knowledge or testimony, [3] the degree to which such testimony is expected to be favorable to the accused and [4] the unique or cumulative nature of the testimony." *Hicks v. Wainwright* (5th Cir.1981), 633 F.2d 1146, 1149 (quoting *United States v. Uptain* [5th Cir.1976], 531 F.2d 1281, 1287); see, also, *Bennett v. Scroggy*, supra, 793 F.2d at 774; *State v. Wheat*, supra at ¶18.

{¶41} In *Wheat,* supra, the appellant argued that the trial court erred when it failed to continue his trial to secure witnesses he had subpoenaed. This Court found no abuse of discretion because the request for a continuance did not demonstrate the amount of time necessary to secure the attendance of the witnesses, or the nature of their testimony. 2004-Ohio-2088 at ¶ 21. Citing *State v. Brooks* (1989), 44 Ohio St.3d 185, 542 N.E.2d 636, we held that because defense counsel failed to proffer what the desired testimony of the absent witnesses would have been and how it was relevant to the defense, we could not find prejudice from the denial of the motion to continue. *Id.* at ¶ 22-24, 542 N.E.2d 636.

**{¶42}** In the case at bar, the magistrate continued appellant's portion of the case to allow her counsel time to subpoena witnesses and prepare her defense. Counsel called the investigator who had worked on the case to impeach Kara Garner and Ashley Hardy. The magistrate allowed appellant to question the investigator concerning statements Ms. Garner and Ms. Hardy had made which differed from their testimony at trial. (2T. at 4; 6-7). Appellant did not proffer any other witness or evidence that he was not able to present. *Wheat,* supra.

**{¶43}** Nor do we find that the magistrate committed plain error in proceeding with the trial of appellant. The defendant bears the burden of demonstrating that a plain error affected her substantial rights and, in addition that the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings. *United States v. Olano* (1993), 507 U.S. at 725,734, 113 S.Ct. 1770; *State v. Perry* (2004), 101 Ohio St.3d 118, 120 802 N.E.2d 643, 646. Even if the defendant satisfies this burden, an appellate court has discretion to disregard the error. *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240; *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus; *Perry*, supra, at 118, 802 N.E.2d at 646.

**{¶44}** Appellant in the case at bar failed to establish such compelling, specific, and actual prejudice.

**{¶45}** Appellant's First and Second Assignments of Error are overruled.

III.

**{¶46}** In her Third Assignment of Error, appellant claims that her trial counsel was ineffective. Appellant points to the following alleged deficiencies: failure to use

transcript of witness for impeachment; failure to file objections to magistrate's report; and addressing appellant during disposition.

{¶47} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell* (1993), 506 U.S. 364, 113 S.Ct. 838; *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

{¶48} In order to warrant a finding that trial counsel was ineffective, the petitioner must meet both the deficient performance and prejudice prongs of *Strickland* and *Bradley*. *Knowles v. Mirzayance* (2009), --- U.S. ----, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251.

{¶49} To show deficient performance, appellant must establish that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 688, 104 S.Ct. at 2064. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. at 2064. Counsel also has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process. *Strickland v. Washington,* 466 U.S. at 688, 104 S.Ct. 2052 at 2065.

{¶50} "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case,

viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. 668 at 689,104 S.Ct. at 2064.

**{¶51}** In light of "the variety of circumstances faced by defense counsel [and] the range of legitimate decisions regarding how best to represent a criminal defendant," the performance inquiry necessarily turns on "whether counsel's assistance was reasonable considering all the circumstances." *Strickland v. Washington*, 466 U.S. 668 at 689,104 S.Ct. at 2064. At all points, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668 at 689,104 S.Ct. at 2064.

**{¶52}** Appellant must further demonstrate that he suffered prejudice from his counsel's performance. See *Strickland*, 466 U. S., at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment"). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. To prevail on his ineffective-assistance claim, appellant must show, therefore, that there is a "reasonable probability" that the trier of fact would not have found him guilty.

{¶53} None of the instances raised by appellant rise to the level of prejudicial error necessary to find that she was deprived of a fair trial. Having reviewed the record that appellant cites in support of her claim that she was denied effective assistance of counsel, we find appellant was not prejudiced by defense counsel's representation of her. The result of the trial was not unreliable nor were the proceedings fundamentally unfair because of the performance of defense counsel. Appellant was permitted to impeach the state witnesses through the testimony of the investigator, we have reviewed the transcript and appellant's assignments of errors and the case was tried to a magistrate not a jury. We are to presume, in cases tried to the bench, that in reaching its decision, the trial court did not rely on anything that it should not have relied upon. *Columbus v. Guthmann* (1963), 175 Ohio St. 282, 194 N.E.2d 143, paragraph three of the syllabus. Appellant does not elucidate on how counsel comments during deposition prejudiced her or denied her a fair trial.

{¶54} Accordingly, appellant has failed to demonstrate that there exists a reasonable probability that the result of his case would have been different.

{¶55} Because we have found no instances of error in this case, we find appellant has not demonstrated that she was prejudiced by trial counsel's performance.

**{¶56}** Appellant's third assignment of error is overruled.

**{¶57}** For the foregoing reasons, the judgment of the Stark County Court of Common Pleas, Juvenile Division, Ohio, is affirmed.

By Gwin, P.J.,

Farmer, J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER


_____
HON. JOHN W. WISE


WSG:clw 0216

[Cite as *In re P.D.R.*, 2011-Ohio-1036.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN THE MATTER OF: P.D.R.        :
:
:
:
:
:
:        JUDGMENT ENTRY
:
:
:
:        CASE NO. 2010-CA-00268


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Juvenile Division, Ohio, is affirmed. Costs to appellant.


_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE